23204

Frances H. FIELDS, Respondent v. OWENS CORNING FIBERGLAS and Standard Fire Insurance Company, Appellants.

(393 S.E. (2d) 172)

Supreme Court

*C. Thomas Cofield, III*, Anderson, *for appellants.*

*V. Laniel Chapman* and *Bruce A. Byrholdt,* of *Chapman, King & Byrholdt,* Anderson, *for respondent.*

Heard March 20, 1990.

Decided April 30, 1990.

GREGORY, Chief Justice:

This is a worker's compensation case. The single commissioner awarded respondent compensation for "a 10% psychological impairment to the whole man" as a scheduled loss under S.C. Code Ann. § 42-9-30(1985). The full commission and the circuit court affirmed. We reverse.

Respondent injured her back while at work. Based on the medical report of respondent's orthopaedic surgeon, the commissioner found a permanent disability of 10% loss of use of the back and awarded her compensation under § 42-9-30. Appellants have not contested this award.

The commissioner also considered the medical report and testimony of respondent's expert psychiatric witness, Dr. Cox. Dr. Cox opined that respondent suffered anxiety and depression as a result of the injury to her back and found she had a permanent psychological impairment of 10%. Based on this evidence, the commissioner awarded respondent compensation for a 10% psychological impairment as a scheduled loss under § 42-9-30. Appellants contend respondent should not have been compensated for a psychological impairment under § 42-9-30 because it is not a scheduled loss. We agree.

Under our Worker's Compensation Act, a claimant may proceed under § 42-9-10 or § 42-9-20 to prove a general disability; alternatively, he or she may proceed under § 42-9-30 to prove a loss, or loss of use of, a member, organ, or part of the body for which specific awards are listed in the statute.[1] It is well-settled that an award under the general disability statutes must be predicated upon a showing of a loss of earning capacity, whereas an award under the scheduled loss statute does not require such a showing. *Roper v. Kimbrell's of Greenville, Inc.*, 231 S.C. 453, 99 S.E. (2d) 52 (1957). The commission may award compensation to a claimant under the scheduled loss statute rather than the general disability statutes so long as there is substantial evidence to support such an award. *Id.* at 461, 99 S.E. (2d) at 57.

---

[1] Valuations for unlisted members or organs are determined under the Worker's Compensation regulations. S.C. Code Ann. § 42-9-30(20) (1985); *see* S.C. Code Reg. 67-35 (1989).

An award under the scheduled loss statute, however, is premised upon the threshold requirement that the claimant prove a loss, or loss of use of, a specific "member, organ, or part of the body." Here, there was no such loss proven to support the award for a 10% psychological impairment. Respondent's only injury to a member, organ, or body part was the injury to her back for which she received a specific scheduled loss award. We therefore conclude the circuit court erred in affirming the commission's award of compensation for a psychological impairment under § 42-9-30. *See Lail v. Georgia-Pacific Corp.*, 285 S.C. 234, 328 S.E. (2d) 911 (1985) (standard of review).

Accordingly, the judgment of the circuit court is

Reversed.

HARWELL, TOAL, LITTLEJOHN and HUGHSTON, JJ., concur.