THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Edward Randy Quick, Employee/Claimant,       
Appellant,
 
 
 

v.

 
 
 
Landstar Poole, Inc., Employer and National Union Fire Insurance Company, 
 Carrier,        Respondents.
 
 
 

Appeal From Sumter County
Thomas W. Cooper, Jr., Circuit Court 
 Judge

Opinion No. 2003-UP-141
Submitted January 10, 2003 - Filed February 
 19, 2003

AFFIRMED

 
 
 
Kristi F. Curtis, Esquire, Joseph T. McElveen Jr.; for Appellant.
Darryl D. Smalls,; for Respondents.
 
 
 

PER CURIAM: In this workers compensation 
 action, the appellate panel of the Workers Compensation Commission (Commission) 
 found Edward Quick was entitled to sixteen percent (16%) permanent partial disability 
 to the back and twelve percent (12%) permanent partial disability to the right 
 upper extremity.  The trial court affirmed.  Quick appeals this finding.  We 
 affirm.  
FACTS
Quick, a long-distance truck driver and trainer, sustained 
 injury to his back and right shoulder after he slipped and fell while training 
 a new Landstar employee.  Over the next two years, Quick was treated for recurring 
 back and shoulder pain, and Landstar provided Quick with temporary total disability 
 payments.  Meanwhile, Quick could not maintain his $75,000 per year job as a 
 long-distance driver/trainer, and became a single driver for $50,000 per year.  
 However, Quick eventually quit working for Landstar in favor of becoming a local 
 shuttle driver for $40,000 per year, so that he would be able to care for his 
 two children.  After Quick reached maximum medical improvement, he moved for 
 a determination of whether he was entitled to permanent partial disability.  

A single Commissioner noted Quick was not on prescription 
 medication and had not undergone surgery.  The Commissioner also noted Quicks 
 testimony that he felt he could return to long-distance truck driving.  The 
 Commissioner concluded Quick was entitled to eight percent (8%) permanent partial 
 disability to his back and eight percent (8%) permanent partial disability to 
 the upper extremity.  The appellate panel of the Commission found Quirk was 
 entitled to sixteen percent (16%) permanent partial disability to the back and 
 twelve percent (12%) permanent partial disability to the right upper extremity.  
 The Commission based the award on S.C. Code Ann. § 42-9-30 (1985 & Supp. 
 2002), the scheduled disability statute.  
Quick appealed to the circuit court, alleging the 
 Commission erred in making findings of fact under the scheduled disability 
 statute, rather than under S.C. Code Ann. § 42-9-20 (1985), the general disability 
 statute.  The circuit court judge remanded the case to the Commission for consideration 
 of whether Quick was entitled to compensation under the general disability statute.  
 The Commission then determined Quick was ineligible for benefits under the general 
 disability statute, finding instead that the provisions of the scheduled disability 
 statute were applicable.  The Commission reiterated its prior finding of a sixteen 
 percent (16%) permanent partial disability to the back and twelve percent (12%) 
 permanent partial disability to the right upper extremity.  The trial judge 
 affirmed the Commission.  Quick appeals.  
STANDARD OF REVIEW
The Administrative Procedures Act establishes 
 the standard of review for decisions by the South Carolina Workers Compensation 
 Commission.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 135, 276 S.E.2d 304, 
 306 (1981).  An appellate court may reverse or modify a decision if the findings 
 or conclusions of the commission are clearly erroneous in view of the reliable, 
 probative, and substantial evidence on the whole record.  S.C. Code Ann. § 
 1-23-380(A)(6) (Supp. 2001); see Brunson v. Wal-Mart Stores, Inc., 
 344 S.C. 107, 110, 542 S.E.2d 732, 733 (Ct. App. 2001).  Substantial evidence 
 is evidence which, considering the record as a whole, would allow reasonable 
 minds to reach the conclusion that the administrative agency reached to justify 
 its action.  Stokes v. First Natl Bank, 306 S.C. 46, 50, 410 S.E.2d 
 248, 251 (1991).
LAW/ANALYSIS
Quick argues the trial judge erred in affirming the 
 Commissions determination that he was not entitled to consideration under the 
 general disability statute.  We do not agree.
The scheduled loss statute reads:  [i]n 
 cases included in the following schedule, the disability in each case shall 
 be deemed to continue for the period specified and the compensation so 
 paid for such injury shall be as 
 specified therein. . . .   S.C. Code Ann. § 42-9-30 (1985 & 
 Supp. 2002) (emphasis supplied).  Injuries to the back and upper extremity are 
 included in this statute.  See id. at § 42-9-30(19)-(20). 
The Commission may award compensation to 
 a claimant under the scheduled loss statute rather than the general disability 
 statutes so long as there is substantial evidence to support such an award.  
 Fields v. Owens Corning Fiberglas, 301 S.C. 554, 555, 393 S.E.2d 172, 
 173 (1990).  An award under the scheduled loss statute is premised upon the 
 threshold requirement that the claimant prove a loss, or loss of use of, a specific 
 member, organ, or part of the body.  Id. at 556, 393 S.E.2d at 173.    

We find there was substantial evidence 
 to justify the Commissions decision to award benefits under the scheduled loss 
 statute.  Quicks claim clearly falls under the mandatory language of § 42-9-30.  
 He specifically claimed impairment to his back and right upper extremity in 
 his original and amended Form 50 filings with the Commission.  In his testimony 
 before the Commission, Quick complained of pain in his spine, back, and  shoulder.  
 His medical records indicate treatment for injury and impairment to these areas.
Further, Quick cannot prove a loss of 
 earning capacity, which is required to prevail under § 42-9-20.  See 
 Fields, 301 S.C. at 555, 393 S.E.2d at 173 (stating [i]t is well-settled 
 that an award under the general disability statutes must be predicated upon 
 a showing of a loss of earning capacity, whereas an award under the scheduled 
 loss statute does not require such a showing.).  Quick testified that he had 
 taken a job as a local truck driver for an annual salary of $40,000.  He had 
 been earning an annual salary of $75,000 as a long-distance driver and trainer.  
 However, Quick testified that he had taken a voluntary reduction in his income 
 in order to care for his children, and that he would be able to work as a long-distance 
 truck driver.  Quicks voluntary reduction in his income does not go to prove 
 a loss of earning capacity.  As such, Quick cannot sustain recovery under § 
 42-9-20.  See Fields, 301 S.C. at 555, 393 S.E.2d at 173.  
Accordingly, the trial judge did not err 
 in affirming the Commissions decision to award permanent partial disability 
 under S.C. Code Ann. § 42-9-30.
CONCLUSION
Based on the foregoing, the decision of the circuit 
 court is 
AFFIRMED.
HEARN, C.J., GOOLSBY and SHULER, JJ., concur.