THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mickey Gordon,       
Appellant,
 
 
 

v.

 
 
 
Michelin North America, Inc., Employer, and, ACE USA (f/k/a CIGNA
EI), 
 Carrier,        Respondents.
 
 
 

Appeal From Spartanburg County
Gary E. Clary, Circuit Court Judge

Unpublished Opinion No. 2003-UP-382 
Submitted March 26, 2003  Filed June 
 3, 2003 

REVERSED and REMANDED

 
 
 
William G. Rhoden, of Gaffney, for Appellant.
H. Spencer King, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  In this workers compensation case, Mickey Gordon (Gordon), 
 the employee, appeals from a circuit court order affirming the findings of the 
 Full Commission.  Gordon argues the circuit court erred because the Commission 
 failed to make specific findings in regard to compensating Gordon for partial 
 disability under S.C. Code Ann. § 42-9-20 (1976 as amended).  
FACTS
Gordon, a tire builder employed by Michelin North America, Inc., 
 for sixteen (16) years, tripped and fell at work injuring his lower back.  Gordons 
 responsibilities at the factory required him to lift and move heavy reels of 
 rubber.  
Robert E. LeBlond, M.D. of Upstate Medical Rehabilitation, P.C primarily treated 
 Gordon.  Gordons injuries did not require surgical intervention.  On March 
 22, 2001, Dr. LeBlond opined that Gordon had reached maximum medical improvement 
 and assigned 5% whole person impairment rating.  Gordon was also seen 
 by Kevin W. Kopera, M.D. for an Independent Medical Examination and Functional 
 Capacity Evaluation.  On June 21, 2001, Dr. Kopera opined Gordon had 5% impairment 
 to his back.  
Gordon was paid temporary total benefits from March 12, 2000, 
 at the maximum compensation rate for 2000 of $507.34 per week. Michelin filed 
 the Form 21 to stop payment of temporary total benefits contending Gordon had 
 reached maximum medical improvement and for an assessment of disability.  The 
 hearing was held on July 31, 2001, before the Single Commissioner. 
The Single Commissioner by decision and Order filed October 
 16, 2001 concluded Gordon had reached maximum medical improvement on March 22, 
 2001, and had suffered partial permanent disability of 15% to the back.  The 
 Single Commissioner also found that Michelin was entitled to a credit for all 
 temporary total payments paid since June 19, 2001. The Commissioner noted, This 
 finding is based upon the medical evidence, limitations expressed by the physicians 
 and vocational evidence.
Gordon filed a Form 30 requesting a review of the Single Commissioners 
 decision by the Full Commission. Among the issues Gordon raised for review, 
 was his contention the Single Commissioner failed to consider his loss of earning 
 capacity pursuant to S.C. Code Ann. § 42-9-20 (1976 as amended).  Gordon asserted 
 this was error because he pursued his claim under both the scheduled losses 
 and the general disability provision of the code. The Appellate Panel of the 
 Commission affirmed in full the decision of the Single Commissioner by Order 
 dated March 20, 2002.  The Commission declined to address Gordons claim for 
 consideration under § 42-9-20.  
Gordon then filed for judicial review and a hearing was held 
 before the Honorable Gary E. Clary, Circuit Court Judge, on August 15, 2002.  
 Gordon, again, raised several issues including the fact the Full Commission 
 failed to consider his loss of earning capacity pursuant to § 42-9-20.  Judge 
 Clary issued an Order on September 3, 2002, affirming the decision of the Commission.  
 Gordon appeals.
STANDARD OF REVIEW
The duty to determine facts is placed solely on the Commission.  
 The court reviewing the commissions decision has no authority to determine 
 factual issues but must remand the matter to the Commission for further 
 proceedings.  On appeal from the Commission, this court may not substitute its 
 judgment for the Commissions as to the weight of evidence on questions of fact, 
 but may reverse when the decision is affected by an error of law.  The appellate 
 courts review is limited to deciding whether the Commissions decision is unsupported 
 by substantial evidence or is controlled by some error of law.  Hendricks 
 v. Pickens County, 335 S.C. 405, 410-411, 517 S.E.2d 698, 701 (Ct. App. 
 1999) (internal citations omitted).  
DISCUSSION
Gordon argues he was qualified to receive disability compensation 
 under the general disability statute, S.C. Code Section 42-9-20 (1976 & 
 Supp. 1998).  He argues the Commission did not properly consider awarding compensation 
 under § 42-9-20 for loss of earnings. Accordingly, Gordon urges this case should 
 be reversed and remanded on the question of the applicability of the general 
 disability statute.  We agree.
Gordon argues the case of Hendricks v. Pickens County, 335 
 S.C. 405, 517 S.E.2d 698 (Ct. App. 1999) is squarely on point.  In Hendricks, 
 the appellant asserted his right to general disability compensation before the 
 single commissioner.  The commissioner failed to address the issue.  Hendricks 
 subsequently raised the issue before the Full Commission and the circuit court.  
 As in the instant case, the Full Commission declined to address whether Hendricks 
 was entitled to total or partial disability benefits under the statute.  This 
 court determined such a failure on the part of the Commission was error and 
 remanded to the Commission for specific findings as to whether Hendricks 
 disability extends beyond the disabilities to the scheduled members.  Hendricks, 
 335 S.C. at 411-412, 517 S.E.2d at 702. (Emphasis added)
In the instant case, Gordon clearly asserted his entitlement to general 
 disability compensation before the Single Commissioner. A claimant may 
 proceed under § 42-9-10 or § 42-9-20 to prove a general disability; alternatively, 
 he or she may proceed under § 42-9-30 to prove a loss, or loss of use of, a 
 member, organ, or part of the body for which specific awards are listed in the 
 statute.  Id. (quoting Fields v. Owens Corning Fiberglass, 301 
 S.C. 554, 555, 393 S.E.2d 172, 173 (1990)).  The Single Commissioner did not 
 make specific findings as to whether Gordon was entitled to general disability 
 benefits.  Gordon also raised the issue before the Full Commission and the circuit 
 court.
The Respondent and the circuit court both rely heavily on a general 
 sentence from the Commissioner noting her finding Gordon had a partial permanent 
 disability of 15% to the back  is based upon the medical evidence, limitations 
 expressed, and vocational evidence. (Emphasis added)  Michelin argued 
 the inclusion of the words vocational evidence was enough to distinguish this 
 case from Hendrick but declined to elaborate on how the general reference 
 was sufficient to demonstrate the Single Commissioner had made specific findings 
 as to whether Gordon came within the general disability statute.  The circuit 
 court was even less illuminating.  The circuit court order stated The Single 
 Commissioner specifically found as a finding of fact that this finding 
 is based upon medical evidence . . . and vocational evidence. The court then 
 summarily noted that the decision to award compensation under a particular statutory 
 provision is that of the Commission and found the appeal to be without merit. 
 The Full Commission was silent on the issue.
 The Single Commissioner did not properly consider whether or not 
 Gordons case should be awarded under S.C. Code § 42-9-20 by simply including 
 the words vocational evidence in a general statement of findings.  These words, 
 alone, cannot be imputed to contain specific findings of fact and conclusions 
 of law or represent the substantial evidence  required to gird the Commissioners 
 conclusions.  Thus, the Full Commission should have addressed the matter on 
 appeal and their silence constituted error.  See Morgan v. JPS Automotives, 
 321 S.C. 2012, 2014-15, 467 S.E.2d 457, 459 (Ct. App. 1996) (case remanded to 
 Commission for specific findings of fact where Single Commissioner failed to 
 make any findings regarding appellants claim that disability extended beyond 
 disability to a scheduled member), cert. dismissed as improvidently granted, 
 326 S.C. 261, 486 S.E.2d 263 (1997).  Accordingly, we must remand this issue 
 to the Full Commission for specific findings as to whether Gordons disability 
 extends beyond the disabilities to the scheduled member such that he is entitled 
 to benefits under § 42-9-20.  The decision of the circuit court is,
 REVERSED and the case is REMANDED to the Full Commission 
 for review consistent with this opinion.
 CURETON, ANDERSON and HUFF, JJ., concur.