THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Jason Roy Peek,
 Employee, Appellant,
v.
South Carolina
 Electric & Gas, Self-Insured Employer, Respondent.
 
 
 

Appeal From Calhoun County
 Diane Schafer Goodstein, Circuit Court
 Judge

Unpublished Opinion No. 2011-UP-398
Submitted August 1, 2011  Filed August 19,
 2011   

AFFIRMED

 
 
 
David T. Pearlman and J. Kevin Holmes, both of Charleston, for
 Appellant.
Kirsten Leslie Barr, of Mount Pleasant, for Respondent.
 
 
 

 PER CURIAM:  In this workers' compensation case, Jason
 Roy Peek appeals the circuit court's order that affirmed the decision of the Appellate
 Panel of the South Carolina Workers' Compensation Commission (the Appellate
 Panel) to award Peek permanent partial disability for his back injury.  Peek
 argues the circuit court erred in: (1) affirming the Appellate Panel's decision
 even though the Appellate Panel's order failed to make sufficient findings of
 fact concerning whether Peek suffered permanent total disability under section
 42-9-30(21) of the South Carolina Code (Supp. 2010); (2) making its own
 findings of fact concerning whether Peek suffered from permanent total
 disability under section 42-9-30(21); and (3) denying Peek a lump sum payment
 for his disability benefits.  We affirm.[1]
1.  We find the circuit court
 properly affirmed the Appellate Panel's decision to award Peek permanent
 partial disability.  The Appellate Panel
 "must make specific findings of fact upon which a claimant's right to
 compensation are based" in its award.  Nettles v. Spartanburg Sch.
 Dist. # 7, 341 S.C. 580, 590, 535 S.E.2d 146, 151 (Ct. App. 2000); see
 also S.C. Code Ann. § 42-17-40(A) (Supp. 2010) (providing that an award
 under the Workers' Compensation Act (the Act) requires the order to include
 "a statement of the findings of fact, rulings of
 law, and other matters pertinent to the questions at issue").  "The
 duty to determine facts is placed solely on the [Appellate Panel] and the court
 reviewing the decision of the [Appellate Panel] has no authority to determine
 factual issues . . . ."  Fox v. Newberry Cnty. Mem'l Hosp., 319
 S.C. 278, 280, 461 S.E.2d 392, 394 (1995).  
Generally,
 an employee will be limited to a scheduled recovery for a back injury.  S.C. Code
 Ann. § 42-9-30(21) (Supp. 2010).  However, an employee can receive general
 disability benefits if the employee can show  his back injury affects other
 parts of his body.  Lee v. Harborside Cafe, 350 S.C. 74, 78, 564 S.E.2d 354, 356 (Ct. App. 2002).  Section 42-9-30(21) also permits an award for
 permanent total disability for a back injury when the employee suffers from a
 fifty percent or more loss of the use of the back.   Additionally, an employee
 must show a loss of earning capacity in order to receive an award under the
 general disability sections.  Fields v. Owens Corning Fiberglas, 301
 S.C. 554, 555, 393 S.E.2d 172, 173 (1990).          
 Here, the Appellate Panel properly provided specific
 findings of fact concerning its decision to award Peek permanent partial
 disability.  See Nettles, 341 S.C. at 587, 535 S.E.2d at 149.  In
 the single commissioner's order, he found Peek was entitled to permanent
 partial disability because Peek suffered from a loss of earning capacity.  In
 support, the single commissioner cited to the testimony of Price, a certified
 rehabilitation counselor, concerning Peek's employment prospects. 
 Additionally, the single commissioner noted Peek suffered from a scheduled
 injury that affected other parts of his body.  The Appellate Panel affirmed the
 single commissioner's finding and noted the scheduled back injury affected
 Peek's legs.  
 Substantial
 evidence supports the Appellate Panel's decision.  Peek presented evidence that
 he suffered from a scheduled injury that affected other parts of his body. 
 Peek testified that he continued to suffer from back and leg pain.  Peek's physician,
 Dr. Donald Johnson, also indicated Peek would have to take intermittent muscle
 relaxers and pain medications for his chronic pain.  Substantial evidence also exists
 to support the Appellate Panel's finding that Peek suffered from a loss of wage
 earning capacity.  Price believed Peek's employment prospects were limited due
 to his lack of transferable occupational skills and physical limitations. 
 Consequently, Price estimated Peek was capable of only non-skilled or
 semi-skilled work making $8 an hour.  
2.  We find the circuit court did not
 err in making its own findings of fact concerning whether Peek suffered from
 permanent total disability under section 42-9-30(21).  An employee cannot recover
 under both general disability and scheduled member sections.  Fields, 301
 S.C. at 555, 393 S.E.2d at 173. Furthermore, the reviewing court is not
 concerned with whether the Appellate Panel awarded benefits under the general
 disability section or scheduled member section.  Roper v. Kimbrell's of Greenville, Inc., 231 S.C. 453, 455-56, 99 S.E.2d 52,
 53-54 (1957). The reviewing court is
 concerned with whether substantial evidence exists to support the Appellate
 Panel's award.  S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2010).  Thus, Peek's
 argument that the circuit court improperly made findings of fact concerning
 Peek's permanent total disability claim is without merit.  The Appellate Panel
 only needs to make specific findings of fact concerning its basis for an award.
  See Roper, 231 S.C. at 455-56, 99 S.E.2d at 53-54.  Consequently, the circuit court's findings of fact
 concerning Peek's permanent total disability claim have no effect on the
 circuit court's ultimate decision to affirm the Appellate Panel's permanent
 partial disability award, which was supported by substantial evidence.
3.  We find the circuit court did not
 err in affirming the Appellate Panel's decision to deny Peek a lump sum
 payment.  The Appellate Panel has discretion to determine whether a lump sum
 award would be appropriate.  See S.C. Code Ann. § 42-9-301 (1976)
 (providing the court may award a lump sum payment for workers' compensation
 claims); see also Thompson v. S.C. Steel Erectors, 369 S.C. 606,
 612, 632 S.E.2d 874, 878 (Ct. App. 2006) (finding this court looks for
 whether the Appellate Panel abused its discretion when making its decision
 concerning lump sum payments).  Peek's argument that lump sum payment must be
 awarded if it is in the employee's best interests is unpersuasive because the employee's
 best interest is just one part of the analysis.  The reviewing court must also
 consider whether the lump sum payment would prevent an undue hardship upon the
 employer without prejudicing the employee's interest.  No evidence supports a
 finding that the Appellate Panel's refusal to not award a lump sum payment was
 not in Peek's best interests.  Additionally, the Appellate Panel properly
 determined that any lump sum award would be based upon
 surmise, conjecture, or speculation because Peek's future earnings were
 unknown.  See Hutson v. State Ports
 Auth., 390 S.C. 108, 113, 700 S.E.2d
 462, 465 (Ct. App. 2010) (holding the award of a lump sum payment "may not be based upon surmise, conjecture, or speculation,
 but must be founded on evidence of sufficient substance to afford a reasonable
 basis for it" (citation and internal
 quotation marks omitted)).   
Accordingly, the decision of the circuit court is 
AFFIRMED.
SHORT, WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.