THOMAS, J., dissenting:
I respectfully dissent because I believe we are constrained by our standard of review to affirm the Appellate Panel's finding that Dent was not permanently and totally disabled (PTD) under section 42-9-10 of the South Carolina Code (2015). The Appellate Panel determined Dent was not PTD under section 42-9-10 because he could perform medium duty work and, thus, had not lost his earning capacity. See Fields v. Owens Corning Fiberglas , 301 S.C. 554, 555, 393 S.E.2d 172, 173 (1990) (explaining a finding of disability under section 42-9-10"must be predicated upon a showing of a loss of earning capacity"). The Appellate Panel based its decision on Dr. Gunter's recommendation that Dent could perform medium duty work and assignment of a 10% impairment rating to Dent's back. The Appellate Panel explained it considered a vocational report and a report from Dr. Forrest, which both suggested Dent could not perform medium duty work, but it gave greater weight to Dr. Gunter's opinions and recommendations. Dr. Gunter was one of Dent's treating physicians.
Under the circumstances of this case, we are constrained to affirm because our standard of review requires us to determine only whether substantial evidence supports the Appellate **207 Panel's decision. Here, Dr. Gunter's opinion that Dent could perform medium duty work constitutes substantial evidence supporting the Appellate Panel's decision. See Lark v. Bi-Lo, Inc. , 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981) (noting we presume the findings of the Appellate Panel are correct and will set them aside only if unsupported by substantial evidence); Taylor v. S.C. Dep't of Motor Vehicles , 368 S.C. 33, 36, 627 S.E.2d 751, 752 (Ct. App. 2006) (explaining substantial evidence is not "evidence viewed blindly from one side of the case, but is evidence that, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action"). Although the opinions from Dr. Forrest and the vocational report conflict with Dr. Gunter's opinion, we defer to the Appellate Panel when the evidence conflicts. See Hall v. United Rentals, Inc. , 371 S.C. 69, 80, 636 S.E.2d 876, 882 (Ct. App. 2006) ("Where there are conflicts in the evidence over a factual issue, the findings of the Appellate Panel are conclusive."); Mullinax v. Winn-Dixie Stores, Inc. , 318 S.C. 431, 435, 458 S.E.2d 76, 78 (Ct. App. 1995) ("Where the medical evidence conflicts, the findings of fact of the [Appellate Panel] are conclusive."). The Appellate Panel chose to place more weight on Dr. Gunter's opinions, which was in its discretion as the factfinder. See Harbin v. Owens-Corning Fiberglas , 316 S.C. 423, 427, 450 S.E.2d 112, 114 (Ct. App. 1994) ("The existence of any conflicting opinions between the doctors is a matter left to the [Appellate Panel].").
Further, I find the majority's reliance on the "transferable skills capacity analysis," which is located within the above-mentioned vocational report, is misplaced. The analysis was based on the opinions of Dr. Forrest and a report from a physical therapist. Dr. Forrest claimed Dent was "unable to return to work at any level," and the physical therapist agreed. Thus, the analysis searched for potential jobs for Dent based on criteria that assumed he could not physically perform any manual labor or even a sedentary job. Predictably, such an analysis returned zero potential jobs for Dent. However, as noted above, the Appellate Panel considered the claims of Dr. Forrest and the physical therapist and rejected their reports in favor of the opinion from another treating physician, Dr. Gunter. Dr. Gunter's opinion was that Dent was physically **208 capable of performing medium duty work. Accordingly, under the Appellate Panel's finding that Dent could perform medium duty work, a job analysis would only be relevant if performed with the criteria set for someone who could perform medium duty *894 work. Said another way, if Dent could perform medium duty work, then a job analysis that assumed Dent could not perform any type of work would render an inaccurate analysis of whether Dent had meaningful employment opportunities. Thus, the job analysis within the vocational report carried little, if any, weight because it did not assess whether Dent had any employment opportunities based on his ability to perform medium duty work as found by the Appellate Panel and supported by Dr. Gunter's opinion. As a result, I believe the majority's reliance on the job analysis within the vocational report is misplaced.
Accordingly, substantial evidence supports the Appellate Panel's determination that Dent could perform medium duty work and had not lost his earning capacity, and thus, I would affirm the Appellate Panel's ruling that Dent was not PTD under section 42-9-10.