22288

John F. LAIL, Respondent, v. GEORGIA-PACIFIC CORPORATION, Appellant.

(328 S. E. (2d) 911)

Supreme Court

*Barnwell, Whaley, Stevenson & Patterson,* Charleston, *for appellant.*

*Steinburg, Levkoff, Spitz & Goldberg* Charleston, *for respondent.*

Heard March 26, 1985.

Decided April 16, 1985.

HARWELL, Justice:

The respondent John F. Lail commenced this workers' compensation action against the appellant Georgia-Pacific Corporation. The single commissioner awarded the claimant compensation for 50% loss of use of the hand and a lump sum payment for disfigurement of his right elbow. The full commission and circuit court affirmed. We reverse in part and affirm in part.

Under our scope of review, the findings of the commission will not be set aside if they are supported by substantial evidence and not controlled by legal error. *Lark v. Bi-Lo,*

The claimant was injured in an accident arising out of and in the course of his employment. His thumb was severed from his hand by a machine. He underwent a series of three operations. In the first, his thumb was reattached to his hand. In the second, a nerve was taken from his leg and grafted to his thumb. However, his thumb still lacked sensation. A third operation was performed in which skin with a nerve and artery was transferred from his ring finger to his thumb. Skin from the right elbow was removed to cover the defect on the ring finger. The claimant can now sense hot

and cold with his thumb but has little dexterity. Dr. Hay, the surgeon, rated the thumb at 60% impaired and the ring finger at 20%. He referred to the AMA Guide and concluded that the hand was 26% impaired. Dr. Brilliant, the physician later retained by the claimant, found a total loss of use of the thumb and a 5% loss of use of the ring finger. He concluded that a 52% loss of use of the hand had resulted.

The appellant contends that the Commissioner erred as a matter of law in awarding the claimant compensation for loss of use of the hand rather than the thumb and third finger. We agree. When a thumb is severed from the hand and surgically reattached with limited sensory and motor functions, the use of the hand is necessarily affected. However, here, the medical testimony established that the claimant suffered no functional impairment to any part of his hand other than the thumb and finger. We hold that the award of compensation for the hand contravenes the legislative plan providing scheduled amounts for loss of use of thumbs and fingers. S. C. Code Ann. § 42-9-30(1)-(7) (1976). We remand for factual findings regarding the percentage of loss of use of the thumb and third finger.

The disfigurement award is affirmed pursuant to Rule 23.

Affirmed in part; reversed in part; and remanded.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.