0582

Thomas F. BATEMAN, Employee, Respondent, v. TOWN & COUNTRY FURNITURE CO., Employer, and U. S. Fidelity & Guaranty Co., Carrier, Appellants.

(336 S. E. (2d) 890)

Court of Appeals

*D. Laurence McIntosh* of *Wright, Scott, Blackwell & Powers*, Florence, *for appellants.*

*Thomas E. Rogers, Jr.*, of *Rogers & McBratney*, Florence, *for respondent.*

Heard Sept. 25, 1985.

Decided Nov. 21, 1985.

SHAW, Judge:

This is a workers' compensation claim brought by respondent Thomas F. Bateman. The hearing commissioner found Bateman suffered a 50% or more loss of use of his back and is totally and permanently disabled. The full commission and the circuit court affirmed. Appellant Town & Country Furniture Company appeals. We affirm.

In reviewing decisions of the Industrial Commission, we will not set aside its findings if they are supported by substantial evidence and not controlled by an error of law.

*Lail v. Georgia-Pacific Corporation*, 285 S. C. 234, 328 S. E. (2d) 911 (1985).

On January 4, 1978, Bateman injured his back while in the course of employment as a carpet layer with Town & Country. Bateman and Town & Country agreed to compensation based on a 42% loss of use of the back and a Form 16 was approved by the commission in July of 1980. Subsequently Bateman entered a carpet laying partnership with another individual. Bateman testified he earned approximately $9,000.00 in 1981, representing 50% of the partnership's earnings. He earned approximately $7,000.00 per year at the time he was injured. In addition, Bateman earned $165.00 per month from the National Guard.

In July of 1981, Bateman filed a Form 50 claiming a change of condition for the worse. He contends he is permanently and totally disabled. Town & Country contests the disability, claiming Bateman is gainfully employed. Bateman is currently in partnership with an individual laying carpet and hanging wallpaper. He is still active in the National Guard.

Dr. A. Cecil Bozard, Jr., who operated on Bateman twice after the injury, testified Bateman has reached maximum medical healing and rates his present impairment at 50%. Dr. Bozard also testified he does not think Bateman is able to work now. Dr. C. B. Rush examined Bateman on November 24, 1981, and rated him as having "a 50% permanent partial functional impairment of the spine."

Town & Country appeals claiming the commission erroneously found a 50% or more disability to the back constitutes compensable permanent total disability even if the claimant does not show a loss of earning capacity.

S. C. Code Ann. § 42-9-10 (1976) sets out what constitutes total disability and the applicable compensation. South Carolina cases have held compensation for total disability is based on loss of earning capacity. *Wynn v. Peoples Natural Gas Co.*, 238 S. C. 1, 118 S. E. (2d) 812, 817 (1961); *Coleman v. Quality Concrete Products, Inc.*, 245 S. C. 625, 142 S. E. (2d) 43, 44 (1965). This test was applied to a back injury in *Outlaw v. Johnson Service Company*, 254 S. C. 486, 176 S. E. (2d) 152 (1970). The court quoted *Walker v. City Motor Car Company*, 232 S. C. 392, 102 S. E. (2d) 373 (1958):

Loss of earning capacity alone is the criterion and medical opinion as to the extent of physical disability can have no probative value against actual earnings.

S. C. Code Ann. § 42-9-30 (1976) enumerates specific injuries and the applicable compensation for each. Loss of earnings is not required for recovery under this section; compensation is based on the character of the injury. *G. E. Moore Company v. Walker*, 232 S. C. 320, 102 S. E. (2d) 106 (1958). In 1972, the legislature added back injuries to the list of scheduled disabilities. Section 42-9-30(19) (1976).

Bateman argues this eliminates loss of earning capacity as a prerequisite for compensation for total disability when the injury is a 50% or more loss of use of the back.

We hold a claimant who suffers a 50% or more loss of use of the back need not show a loss of earning capacity to recover permanent total disability under section 42-9-10 (1976). Since such an injury is included in the list of specific disabilities found in section 42-9-30 (1976), it is an exception to the general rule under section 42-9-10 (1976) requiring a claimant to show a loss of earning capacity. Thus, we affirm the commission's award.

Affirmed.

BELL and CURETON, JJ., concur.