0645

Georgianna H. NAWA, Angela Nawa by GAL, Anna Nawa by GAL, and Michael Nawa by GAL, Appellants v. WACKENHUT CORPORATION and Home Indemnity Company, Respondents. And John Michael NAWA, deceased employee; Hilda Shockley Nawa and Janet Frances Shockley by GAL, Appellants v. WACKENHUT CORPORATION and Home Indemnity Company, Respondents.

(341 S. E. (2d) 800)

Court of Appeals

*Donna Keene Holt,* Columbia, *for appellants Georgianna H. Nawa, et al.*

*Patricia M. Wark,* Lexington, *for appellants John Michael Nawa, et al.*

*Edward E. Poliakoff,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for respondents.*

Heard January 28, 1986.

Decided March 5, 1986.

SHAW, Judge:

This is a workers' compensation action. Appellant Hilda Shockley Nawa filed a claim seeking benefits based on the death of John Michael Nawa with whom she was living at the time of his death. Subsequently, Hilda's daughter became a claimant by Guardian ad Litem. Appellant Georgianna H. Nawa, John's legal wife, also filed for death benefits. Georgianna's three children, by John, also became claimants by Guardian ad Litem. The hearing commissioner ruled John's death compensable, but reserved determination of benefits and dependents because of the dispute between Hilda and Georgianna as to entitlement as a wife. Respondent Wackenhut Corporation appealed and the full commission reversed the commissioner. Both claimants appealed to the circuit court, consolidating their appeals on the issue of compensability. The circuit court affirmed the full commission denying benefits, and we, too, affirm.

In reviewing decisions of the Industrial Commission, this court will not set aside its findings if they are supported by substantial evidence and not controlled by an error of law. *Lail v. Georgia-Pacific Corp.,* 285 S. C. 234, 328 S. E. (2d) 911 (1985).

John Nawa was employed as an area supervisor for Wackenhut. He supervised Wackenhut's security operations. Hilda Nawa testified John was in charge of, among other things, "uniform ordering, maintenance, supplies, hiring of

the guards. . . ." Immediately prior to his death, John was also responsible for the work of the other supervisor in his area who was on vacation. Hilda also testified John was aware Wackenhut planned to lay off one supervisor in August of 1981. On August 17, 1981, John arrived home from work at 6:15 p.m. Shortly thereafter he suffered a fatal stroke while engaging in sexual intercourse with Hilda.

The claimants contend, and frame their arguments on appeal around the assumption, that an employee's death is compensable if his job is a contributing factor to *any degree* (emphasis added) to his death. They allege job related stress was a contributing cause of John's death and relying on their proffered rule of compensability, conclude his death is compensable. The claimants correctly concede no South Carolina case has expressly adopted such a rule. We decline to adopt the claimants' interpretation of the law.

In *Compton v. Town of Iva*, 256 S. C. 35, 180 S. E. (2d) 645, 647 (1971), Justice Littlejohn, quoting *Fowler v. Abbott Motor Co.*, 236 S. C. 226, 113 S. E. (2d) 737 (1960), stated, "An accident arises out of the employment when it arises because of it, as when the employment is a contributing proximate cause." This court held in *Brown v. La France Industries*, 286 S. C. 319, 333 S. E. (2d) 348 (Ct. App. 1985) a claimant must prove an employee's death is proximately caused by an accident arising out of the employment. Thus, South Carolina requires the employee's job be more than one factor, to any extent, in the injury or death.

The critical question for this court is whether the record contains substantial evidence supporting the Industrial Commission's decision John Nawa's death did not arise out of and in the course of his employment. There is evidence in the record job related stress contributed to John Nawa's death. This evidence is testimony by the claimant's doctor, Richard O. Ballew, who testified stress was one of several factors "directly" related to John's death. However, this court cannot reverse the Industrial Commission merely because there is some evidence in the record favorable to the claimants.

There is ample evidence to support the Industrial Commission. James Spaulding Coale, John Nawa's supervisor, testified he told John the Friday before his death on Monday

he looked forward to working with John in the years to come. Dr. Ballew, the claimants' doctor, testified John had a preexisting berry aneurysm in his brain. He also testified a person with a berry aneurysm is always at risk of a spontaneous hemorrhage of the aneurysm or, in other words, a stroke. Dr. Ballew described a berry aneurysm as a protrusion or a weakness of a blood vessel. He testified blood pressure rises about forty percent and the heart rate about fifty percent during sexual intercourse. According to Dr. Ballew, it is documented in medical literature berry aneurysms frequently hemorrhage during sexual intercourse.

Donald Saunders, Director of Cardiology Services at Richland Memorial Hospital, testified the rupturing of berry aneurysms is most commonly associated with sexual intercourse. Finally, Dr. Ballew admitted on cross examination it is *"most probable"* (emphasis added) John Nawa would not have suffered the stroke when he did had he not been engaged in sexual intercourse.

Therefore, we hold substantial evidence supports the Industrial Commission's decision denying death benefits to the claimants.

Affirmed.

GARDNER and CURETON, JJ., concur.