### 1485

James MEDLIN, Respondent v. GREENVILLE COUNTY and State Workers' Compensation Fund, Appellants.

(392 S.E. (2d) 192)

Court of Appeals

*E. Ross Huff, Jr.* and *Susan B. Oliver*, both of *State Workers' Compensation Fund*, Columbia, *for appellants*.

*C. Ben Bowen* and *Linda B. McKenzie*, both of *Bowen Firm*, Greenville, *for respondent*.

Heard Jan. 22, 1990.

Decided April 2, 1990.

CURETON, Judge:

This is a workers' compensation case. It involves successive injuries to the back by an employee while working for the same employer. The question is whether the employee is entitled to recover compensation for the second accidental injury since the first injury resulted in a recovery for total and permanent disability under *S.C. Code Ann.* Sections 42-9-10 and 42-9-30(19) (1976).

In 1983 James Medlin sustained an injury to his back while employed by Greenville County. He was found to have sustained more than fifty percent loss of use of his back and was awarded compensation for total and permanent disability under Sections 42-9-10 and 42-9-30(19). The parties settled the claim while on appeal for a lump sum payment of $60,000 as full satisfaction of the employer's liability arising from the 1983 accident.

Mr. Medlin returned to work for Greenville County. He sustained a second injury to his back in 1985 while working for the County. He filed a claim for compensation seeking permanent and total disability due to the second accident. The County admitted the second accident occurred but denied Mr. Medlin was entitled to receive an award for permanent disability because of the prior award from the 1983 accident. The single commissioner agreed with the County and denied the claim for total and permanent disability. The full commission reversed the decision of the single commissioner by a 2-1 vote and held Mr. Medlin was entitled to receive an award of five hundred weeks compensation for permanent and total disability. The full commission reasoned Section 42-9-170 should be interpreted so that an employee does not receive more than five hundred weeks from any single accident. The circuit court affirmed the full commission and held the five hundred week limitation was a per accident limitation.

Under Section 42-9-30(19) an employee who sustains more than a fifty percent loss of use of the back does not have to show a loss of earning capacity under 42-9-10 to recover permanent total disability. *Bateman v. Town & Country Furniture Co.*, 287 S.C. 158, 336 S.E. (2d) 890 (Ct. App. 1985). Once the employee has established the loss of more than fifty

percent use of the back he is entitled to the award of five hundred weeks of compensation. Under Section 42-9-10 five hundred weeks is the maximum compensation period allowed unless an individual is a paraplegic, a quadraplegic, or has sustained physical brain damage.

This court has previously held the five hundred week limit does not apply to successive injuries incurred while the employee worked for different employers. *Wyndham v. R.A. & E.M. Thornley and Co.*, 291 S.C. 496, 354 S.E. (2d) 399 (Ct. App. 1987). In *Wyndham* this court construed the language of Section 42-9-10 and found its ordinary meaning referred to a single injury and a single disability. However, this court also noted the distinction in Section 42-9-170 where the statute specifically limited the total compensation to five hundred weeks for successive permanent injuries sustained in the same employment. *Id.* at 500, 354 S.E. (2d) at 402.

The facts of *Wyndham* distinguish it from this case. There, the employee was only partially disabled by the first accident, which happened while he worked for a different employer. Thus, the injury in *Wyndham* was covered by a different statute from the one involved here. The distinction between employees who incur a partial disability followed by a permanent total disability versus those who incur successive permanent total disabilities is a distinction put there by our Legislature. It is not our prerogative to remove that distinction. *See Burns v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 520, 377 S.E. (2d) 569 (1989) (courts should ascertain and effectuate intent of the legislature). Mr. Medlin received an award of five hundred weeks compensation from his first injury. This is the maximum award he could receive for loss of use of his back under Section 42-9-10 and Section 42-9-30(19). Under Section 42-9-170 he is limited to a recovery for successive injuries to five hundred weeks. Having received that recovery from the first injury he has no basis to recover in the second accident.

The decision of the circuit court is reversed and the case is remanded for entry of an appropriate order.

Reversed and remanded.

GARDNER, J., dissents with separate opinion.

GARDNER, Judge (dissenting):

I respectfully dissent for three reasons. First, I believe the case of *Wyndham v. R.A. & E.M. Thornley and Co.*, 291 S.C. 496, 354 S.E. (2d) 399 (Ct. App. 1987) is consonant with the appealed order. Second, I believe the phrase "and in no case exceeding five hundred (500) weeks" contained in the first paragraph of Section 42-9-170, refers to the award for the injuries resulting from the last accident only, rather than to the total amount that can be received for both accidents. Third, I believe that the Workers' Compensation Act when read as a whole (*in pari materia*) negates the holding of the majority in this case. Interrelated in the two concepts upon which I base this dissent is my belief that the very purpose of the Workers' Compensation Act is to compensate workers who are injured as the result of and in the course of their employment. The majority opinion would deny Medlin this right and thus deny him recourse under the Workers' Compensation Act and at common law.

I.

Medlin was injured in 1983 and the award of the Hearing Commissioner was for total and permanent disability pursuant to Section 42-9-10 as referenced by Section 42-9-30(19). Thereafter the employer appealed and in the process of the appeal the parties entered into a compromise settlement agreement for an amount less than total disability. Pursuant to Section 42-9-390 this agreement was approved by the Workers' Compensation Commission by order of April 2, 1984. Thus the final order concerning the 1983 injury provided for compensation less than would have been received for permanent total disability. For this reason, the case of *Wyndham v. R.A. & E.M. Thornley and Co., supra,* is consonant with the position of this dissent and the appealed order.

II.

I am convinced that the phrase "and in no case exceeding five hundred (500) weeks" contained in the first paragraph of Section 42-9-170 refers to the award for the injuries resulting from the last accident only and does not refer to the total

amount that can be received for both accidents. And I would so hold because I do not believe that it was the intent of the General Assembly to limit the amount that a worker might receive for both accidents when he works for the same employer and to provide no such limit if the second injury occurred while he was working for a different employer. Such a construction would be harsh and antithetical to the basic concepts of workers' compensation and should be avoided. *Sligh v. Pacific Mills*, 207 S.C. 316, 35 S.E. (2d) 713 (1945).

### III.

Workers' compensation statutes are to be construed *in pari materia*, keeping in mind the legislative intent. If possible, the provisions of the Workers' Compensation Act must be reconciled and its purposes effectuated and any reasonable doubt as to construction must be resolved in favor of the claimant toward the end of providing coverage rather than noncoverage. *Cokeley v. Robert Lee, Inc.*, 197 S.C. 157, 14 S.E. (2d) 889 (1941).

With the above principles in mind, Section 42-9-170 must be construed in connection with Section 42-9-400(a), which provides:

> If an employee who has a permanent physical impairment from any cause or origin incurs a subsequent disability from injury by accident arising out of and in the course of his employment, resulting in compensation and medical payments liability or either, for disability that is substantially greater, by reason of the combined effects of the preexisting impairment and subsequent injury or by reason of the aggravation of the preexisting impairment, than that which would have resulted from the subsequent injury alone, the employer or his insurance carrier shall in the first instance pay all awards of compensation and medical benefits provided by this Title; *but such employer or his insurance carrier shall be reimbursed from the Second Injury Fund as created by Section 42-7-310 for compensation and medical benefits. . . .*

Section 42-9-400(c) provides in pertinent part:

(c) In order to qualify under this section for reimbursement from the Second Injury Fund, the employer must establish when claim is made for reimbursement thereunder, that the employer had knowledge of the permanent physical impairment at the time that the employee was hired, *or at the time the employee was retained in employment after the employer acquired such knowledge.* ... [Emphasis ours.]

Under Section 42-9-400(a) and (c), Medlin is entitled to full compensation. And I would so hold.

Section 42-9-20 provides:

Except as otherwise provided in Section 42-9-30, when the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid, as provided in this chapter, to the injured employee during such disability a weekly compensation equal to sixty-six and two-thirds percent of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than the average weekly wage in this State for the preceding fiscal year. In no case shall the period covered by such compensation be greater than three hundred forty weeks from the date of injury. *In case the partial disability begins after a period of total disability, the latter period shall not be deducted from a maximum period allowed in this section for partial disability.* [Emphasis ours.]

Under this section, a worker may receive 340 weeks compensation, should the extent of his injury so require, after having received total permanent disability for a prior injury; this is clear. The majority opinion, however, holds that if the second injury results in permanent total disability, the employee recovers nothing. This is illogical and to thus interpret Section 42-9-170 requires an absurd result. The rule is clear that courts will construe a statute so as to avoid an absurd result and at the same time carry out the intention of the statutes. *State ex. rel. McLeod v. Montgomery,* 244 S.C. 308, 136 S.E. (2d) 778 (1964).

Lastly, Section 42-9-410(a) provides:

(a) When an employee shall become totally and permanently disabled under Section 42-9-10, because of the loss of a hand, arm, foot, leg or the vision of an eye in a subsequent injury *under Section 42-9-150 or 42-9-170,* he may receive from the employer compensation and medical care provided by this Title for total and permanent disability, and the employer shall be reimbursed a portion of the cost thereof from the Second Injury Fund as herein provided. [Emphasis ours.]

Under the above section it is clear that an employee may receive 500 weeks compensation although he has previously received permanent compensation. This, of course, is consonant with Section 42-9-20 previously discussed, and thus negates the holding of the majority opinion.

## CONCLUSION

For the above reasons, I would hold (1) that *Wyndham v. R.A. & E.M. Thornley and Co., supra,* is consonant with this decision, (2) that the words "in no case exceeding five hundred (500) weeks" contained in Section 42-9-170 refer to an award for injuries resulting from the last accident only because to hold otherwise would be tantamount to discrimination between employees of different employers and employees of the same employer, and (3) that by so holding, Sections 42-9-170 can be reconciled with Sections 42-9-20, 42-9-400(a) and (c) with 42-9-410(a) so that the purpose of the Workers' Compensation Act can be effectuated by resolving the doubt in favor of the claimant, Medlin, and to provide coverage rather than noncoverage.

I would affirm the order of the learned trial judge.