600 S.E.2d 120

**Ronnie W. ELLISON, Respondent,**

v.

**FRIGIDAIRE HOME PRODUCTS, Employer, and WCI Outdoor Products, Carrier, Appellants.**

No. 3833.

Court of Appeals of South Carolina.

Heard May 12, 2004.

Decided June 28, 2004.

Rehearing Denied Aug. 19, 2004.

E. Ross Huff, Jr., of Columbia, for appellants.

Edgar Warren Dickson, of Orangeburg, for respondent.

HEARN, C.J.:

In this workers' compensation action, Appellant–Employer Frigidaire Home Products contends the circuit court erred in concluding an employee's leg injury entitled him to compensation for total, permanent disability.  We agree and reverse.

## FACTS

While Respondent Ralph Ellison was operating a forklift for Frigidaire in November of 1999, he caught his foot in a box and fractured his leg in three places.  Dr. Kirol treated Ellison for the fractures and determined that the forklift accident left Ellison with a twenty percent impairment to his left lower extremity.  Dr. Kirol restricted Ellison from lifting more than twenty-five pounds and restricted him from standing or walking for more than six hours per day.

At the time of the accident, Ellison had been suffering from hypertension and prostate cancer for several years.  Following the accident, Ellison was diagnosed with sleep apnea, diabetes, and congestive heart failure.

Both parties agree that Ellison's leg injury is compensable under workers' compensation because it arose out of and in the course of employment; however, the parties disagree about the amount of compensation to which Ellison is entitled.  Frigidaire contends Ellison is limited to the scheduled member benefits because only his leg, a scheduled member, was injured in the forklift accident.  The single commissioner disagreed and awarded Ellison total, permanent disability,

concluding the combination of Ellison's accidental leg injury and his other medical ailments rendered Ellison totally and permanently disabled. Frigidaire appealed to the South Carolina Workers' Compensation Appellate Panel, and then to the circuit court. Both tribunals affirmed the single commissioner's decision. This appeal follows.

## STANDARD OF REVIEW

In an appeal from the South Carolina Workers' Compensation Commission, the circuit court and this court may not substitute their judgment for that of the commission as to the weight of the evidence on questions of fact, but may reverse decisions tainted by an error of law. *See* S.C.Code Ann. § 1–23–380(g) (1986); *Stephen v. Avins Constr. Co.*, 324 S.C. 334, 337, 478 S.E.2d 74, 76 (Ct.App.1996).

## LAW/ANALYSIS

■ Frigidaire contends the circuit court erred in awarding Ellison permanent, total disability compensation for his injured leg. We agree.

■ South Carolina replaced traditional tort recovery for workplace injuries with the present system of workers' compensation in an effort to reduce litigation and provide injured workers with prompt and certain recovery. *Wigfall v. Tideland Utils., Inc.*, 354 S.C. 100, 115, 580 S.E.2d 100, 107 (2003) ("By displacing traditional tort law the Legislature intended to provide a no-fault system focusing on quick recovery, relatively ascertainable awards and limited litigation."). One of the methods by which the Workers' Compensation Act facilitates this purpose is through streamlining recovery for certain enumerated—or "scheduled"—injuries. Section 42–9–30 of the South Carolina Code (1976 & Supp.2003) provides specific recoveries for total or partial physical losses and impairments suffered by an employee to certain scheduled members including: thumbs, fingers, toes, hands, arms, feet, legs, eyes, and ears. Recovery for an injury to a scheduled member varies only with the degree of impairment; lost earning potential is wholly irrelevant. *Bateman v. Town & Country Furniture Co.*, 287 S.C. 158, 160, 336 S.E.2d 890, 891 (Ct.App.1985) ("Loss of earnings is not required for recovery under [the

scheduled member] section; compensation is based on the character of the injury."). By codifying recovery for injuries to scheduled members, "the legislature presumes a claimant has lost earning capacity to a degree which corresponds to the claimant's degree of impairment." *Lyles v. Quantum Chem. Co.*, 315 S.C. 440, 446, 434 S.E.2d 292, 295 (Ct.App.1993).

■ In *Singleton v. Young Lumber Co.*, 236 S.C. 454, 471, 114 S.E.2d 837, 845 (1960), our supreme court stated the following in addressing the ability of a claimant to recover more than the statutory amount for a scheduled injury:

> Where the injury is confined to the scheduled member, and there is no impairment of any other part of the body because of such injury, the employee is limited to the scheduled compensation, even though other considerations such as age, lack of training, or other conditions peculiar to the individual, effect a total or partial industrial incapacity. To obtain compensation in addition to that scheduled for the injured member, claimant must show that some other part of his body is affected.

*See also Wigfall*, 354 S.C. at 106, 580 S.E.2d at 103 (*"Singleton* stands for the exclusive rule that a claimant with one scheduled injury is limited to the recovery under § 42–9–30 alone."). Thus, only where an injury to a scheduled member is accompanied by additional complications affecting another part of the body can an award exceed scheduled recovery. *Lee v. Harborside Café*, 350 S.C. 74, 78, 564 S.E.2d 354, 356 (Ct.App. 2002). Otherwise, if no causal connection exists, scheduled recovery is exclusive. *Brown v. Owen Steel Co.*, 316 S.C. 278, 280, 450 S.E.2d 57, 58 (Ct.App.1994).

Here, the only injury caused by the forklift accident is the tibia/fibula fracture, an injury to a scheduled member. No matter how severely Ellison's other medical conditions debilitate him, no causal connection exists between his fractured leg and his sleep apnea, diabetes, congestive heart failure, hypertension, or prostate cancer.[1] Because the leg injury caused

---

1. Ellison argues that the case of *Simmons v. City of Charleston*, 349 S.C. 64, 562 S.E.2d 476 (Ct.App.2002), supports his argument that he can recover total and permanent disability from an injury to one scheduled body member. We disagree. In *Simmons*, our court found that where an injury to one scheduled body member impairs another body mem-

neither of these conditions nor any other additional injuries, the circuit court should have determined Ellison's recovery was limited to scheduled member recovery.

■ Ellison argues that the legislature's establishment of the Second Injury Fund is indicative of its intent to provide permanent and total disability benefits to an employee whose injury to a scheduled member renders the employee totally disabled due to a pre-existing medical condition. We disagree. The provisions of section 42–9–400(a) of the South Carolina Code (1976) merely entitle an employer's insurance carrier to be reimbursed by the Fund if injuries to an employee are amplified because of the employee's pre-existing medical conditions. The intent of the statute is to encourage the employment of people with disabilities; it is not meant to modify the law clearly set forth in *Singleton.*

Because there is no dispute that Ellison's injury was confined to his leg and there is no evidence that the injury affected any other body part, the decision of the circuit court is

**REVERSED.**

STILWELL, J., and CURETON, A.J., concur.

_____

ber, a claimant may recover total and permanent disability. However, here, there is absolutely no evidence that Ellison's fractured leg affected any other body part or exacerbated any of his other medical conditions.