638 S.E.2d 664

**Ronnie ELLISON, Petitioner,**

v.

**FRIGIDAIRE HOME PRODUCTS, Employer, and WCI Outdoor Products, Carrier, Respondents.**

No. 26227.

Supreme Court of South Carolina.

Heard Oct. 3, 2006.

Decided Nov. 20, 2006.

Rehearing Denied Jan. 3, 2007.

Edgar W. Dickson, of Williams & Williams, of Orangeburg, for petitioner.

E. Ros Huff, Jr., of Huff Law Firm, L.L.C., of Irmo, for respondents.

Justice MOORE:

This is a workers' compensation case. We granted a writ of certiorari to review the Court of Appeals' decision reversing the commission's award of total disability.[1] We reverse.

## FACTS

Petitioner Ellison was working full-time when he fractured his left leg in an on-the-job forklift accident. He was given a 20% permanent impairment rating to the leg. Petitioner also had pre-existing physical conditions including hypertension, sleep apnea, prostate cancer, diabetes, and congestive cardiac disease which, in combination with his workplace injury, rendered him physically unable to return to work after his accident. The single commissioner found petitioner permanently and totally disabled. The commissioner's order was affirmed by the full commission and the circuit court.

Respondent Frigidaire Home Products (Employer) appealed to the Court of Appeals which reversed the commission's order. The Court of Appeals held petitioner's recovery was limited to the 20% impairment to his leg.

## ISSUE

Did the Court of Appeals err in holding that petitioner's pre-existing conditions should not be considered in determining his compensable disability?

## DISCUSSION

■ The single commissioner, affirmed by the full commission and the circuit court, found petitioner totally disabled under S.C.Code Ann. § 42–9–400 (1985 & Supp.2005) which provides in pertinent part:

(a) If an employee who has **a permanent physical impairment from any cause or origin** incurs a subsequent disability from injury by accident arising out of and in the course of his employment, resulting in compensation and medical payments liability or **either,** *for disability that is*

---

1. *Ellison v. Frigidaire Home Prods.,* 360 S.C. 236, 600 S.E.2d 120 (Ct.App.2004).

*substantially greater, by reason of the **combined effects** of the preexisting impairment and subsequent injury* **or** by reason of the aggravation of the preexisting impairment, than that which would have resulted from the subsequent injury alone, the employer or his insurance carrier shall in the first instance pay all awards of compensation and medical benefits provided by this Title; but such employer or his insurance carrier shall be reimbursed from the Second Injury Fund....

. . . .

(d) As used in this section, **"permanent physical impairment"** means any permanent condition, *whether congenital or due to injury or disease,* of such seriousness as to constitute a hindrance or obstacle to obtaining employment or to obtaining reemployment if the employee should become unemployed.

(emphasis added).

Applying this section, the commissioner concluded petitioner was totally disabled from the combined effect of his pre-existing conditions and the workplace injury to his leg. The record supports the commissioner's finding that petitioner is no longer able to work. Significantly, there is no finding that petitioner's pre-existing conditions aggravated his leg injury or that the leg injury aggravated his pre-existing conditions.

In reversing petitioner's award, the Court of Appeals found § 42–9–400 inapplicable and instead relied on *Singleton v. Young Lumber Co.,* 236 S.C. 454, 114 S.E.2d 837 (1960), to rule that petitioner's compensation was limited to the amount specified for the leg as a scheduled member under the scheduled injury statute, S.C.Code Ann. § 42–9–30 (1985 & Supp. 2005). The Court of Appeals held petitioner could not recover total disability compensation, no matter how debilitating his pre-existing conditions were, because there was no causal connection with his workplace injury.

We conclude the Court of Appeals erred in relying on *Singleton. Singleton* involved a sole injury to a scheduled member—no other condition was claimed to have contributed to disability. The argument was that the injury to the scheduled member, a leg, was itself so disabling that the claimant should be found totally disabled. This Court held that be-

cause the injury was confined to a scheduled member, compensation must be determined under the scheduled injury statute as provided by the legislature. 236 S.C. at 473, 114 S.E.2d at 846. *Singleton* stands simply for the proposition that impairment involving only a scheduled member is compensated under the scheduled injury statute and not the general disability statute.[2] The issue whether greater disability may be awarded where there is an additional impairment without a causal link has never come squarely before us although we have specifically allowed greater disability when there is a causal link.[3]

 Workers' compensation statutes are to be construed liberally in favor of coverage. *Mauldin v. Dyna–Color/Jack*

---

**2.** *Singleton* does state that "[w]here the injury is confined to the scheduled member, and there is no impairment of any other part of the body *because of such injury*, the employee is limited to the scheduled compensation...." 236 S.C. at 471, 114 S.E.2d at 845 (emphasis added). This statement is simply dictum, however, because there was no issue of *any* additional impairment in *Singleton*, causally related or not. This dictum has been subsequently cited but never to support a holding on the precise issue here. *See Therrell v. Jerry's Inc.*, 370 S.C. 22, 25–26, 633 S.E.2d 893, 895, n. 2 (2006) (case holds torn rotator cuff is not limited to scheduled recovery for arm); *Wigfall v. Tideland Utilities, Inc.*, 354 S.C. 100, 103, 580 S.E.2d 100, 101 (2003) (case holds medical and wage losses are not considered an additional impairment to injury to scheduled member); *Lee v. Harborside Café*, 350 S.C. 74, 78, 564 S.E.2d 354, 356 (Ct.App.2002) (case holds psychological system is not a scheduled member); *Simmons v. City of Charleston*, 349 S.C. 64, 75, 562 S.E.2d 476, 482 (Ct.App.2002) (case holds injury to scheduled member that affected other parts of body compensable as general disability); *Brown v. Owen Steel Co.*, 316 S.C. 278, 280, 450 S.E.2d 57, 58 (Ct.App.1994) (case holds injury to back is compensable as scheduled member).

In *Wigfall, supra*, we reaffirmed our holding in *Singleton* that an injury to a scheduled member which is the *sole* cause of the claimant's disability may be compensated only under the scheduled injury statute. We concluded that the "impairment" mentioned in *Singleton* means only "physical deficiency." 354 S.C. at 104, 580 S.E.2d at 102. Here, petitioner is claiming total disability from the combined effect of his workplace injury and his pre-existing *physical* deficiencies. Further, § 42–9–400, which is an issue here, was not an issue in *Wigfall* because there was no question of a combined effect with pre-existing conditions.

**3.** *E.g., Anderson v. Baptist Med. Center*, 343 S.C. 487, 541 S.E.2d 526 (2001) (workplace injuries aggravated pre-existing psychological condition); *Brown v. R.L. Jordan Oil Co.*, 291 S.C. 272, 353 S.E.2d 280

*Rabbit,* 308 S.C. 18, 416 S.E.2d 639 (1992). We hold the commissioner correctly found § 42–9–400 controlling here. This statute was enacted in 1972, several years after our decision in *Singleton.* The language of § 42–9–400(a) and (d) indicates the legislature clearly envisioned that a claimant may recover for greater disability than that incurred from a single injury to a particular body part if the combination with any pre-existing condition hinders reemployment. There is no requirement that the pre-existing condition aggravated the injury, or that the injury aggravated the pre-existing condition, so long as there is a greater disability simply from the "combined effects" of the injury and the pre-existing condition.[4]

The Court of Appeals reasoned that § 42–9–400 was not applicable because it merely entitles an employer's insurance carrier to be reimbursed by the Second Injury Fund. We disagree. Providing for an employer's reimbursement from the Fund for the "combined effects" of a workplace injury and pre-existing conditions would be futile unless a claimant could actually make such a recovery in the first place. We presume the legislature intends to accomplish something by its enactments and that it would not do a futile thing. *Gordon v. Phillips Utilities, Inc.,* 362 S.C. 403, 608 S.E.2d 425 (2005).

In conclusion, the Court of Appeals erred in relying on *Singleton* and refusing to apply § 42–9–400. Accordingly, we reverse the Court of Appeals' decision and reinstate the commission's award for total disability.

**REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

(1987) (workplace injury aggravated pre-existing thrombophlebitis); *see also Simmons v. City of Charleston, supra.*

4. In fact, the statute provides for the aggravation of a pre-existing condition *as an alternative* to the combined effects provision.