THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 William Butts, Appellant,
 v.
 C.R. England
 Trucking and Cambridge Integrated Services Group Inc., Defendants,
 
 Of Whom C.R.
 England Trucking is the 
 Respondent.
 
 
 
 

Appeal From Colleton County
 John C. Few, Circuit Court Judge

Unpublished Opinion No.  2008-UP-064
Heard December 11, 2007  Filed January
22, 2008

REVERSED AND REMANDED

 
 
 
 E. Courtney Gruber and R. Walter Hundley, both of Charleston, for
 Appellant.
 Clarke W. McCants, III, of Aiken, for Respondent.
 
 
 

PER CURIAM: 
 William Butts appeals a circuit court order affirming the South Carolina
 Workers Compensation Commissions determination that Butts was not totally and
 permanently disabled after suffering a work-related injury.  The essence of
 Butts appeal is that the combined
 effects of his pre-existing psychological condition and his subsequent injury
 resulted in a greater disability than he would have experienced from the injury
 alone, resulting in his inability to work and complete disability under S.C.
 Code Ann. § 42-9-400 (1985 & Supp. 2006).  In light of the recent decision
 from our supreme court in Ellison v. Frigidaire Home Products, 371 S.C.
 159, 638 S.E.2d 664 (2006), we agree with Butts that the Commission imposed an
 inappropriate legal standard in evaluating the effects and relationship of his
 pre-existing injury to his subsequent work-related injury.  Accordingly, we reverse
 and remand to the circuit court, which shall remand the matter to the
 Commission with instructions to consider Butts claim under the Ellison standard.  
I.
William
 Butts sustained an admitted workers compensation injury to his lower back on
 November 7, 2000 while working for C.R. England Trucking as a truck driver. 
 According to Butts, he heard a snap in his back when he picked up a pallet
 while working on a long-distance trucking assignment.  England Trucking paid
 some of Butts medical bills and also paid him temporary compensation for the
 back injury.  Butts thereafter contended his back injury aggravated his
 pre-existing psychological condition of post-traumatic stress disorder.[1] 
 Butts alleged he was permanently and totally disabled as a result of the
 combined effects of his accident and psychological condition and sought
 lifetime medical benefits.    
In an order filed
 March 4, 2003, the single commissioner found Butts had lost more than fifty
 percent of the use of his back as a result of the accident, in combination with
 his pre-existing arthritis, and that the accident had aggravated his
 pre-existing post-traumatic stress disorder.  The single commissioner found
 Butts was permanently and totally disabled and ruled he was entitled to
 lifetime medical benefits.  
England Trucking
 sought review of the single commissioners order by the Commission.  In a
 decision filed January 13, 2004, the Commission found Butts had suffered an
 injury to his lower back, but reversed the single commissioners determination
 that the injury resulted in the aggravation of a pre-existing psychological
 condition.  The Commission found Butts was entitled to compensation for a ten
 percent, permanent, partial disability to his lower back as a result of the
 accident.    
Butts appealed to the circuit court, which remanded
 the matter to the Commission to state with specificity the evidence upon which
 its decision is based.  The circuit court stated there was evidence in the
 record which clearly supported the original finding of the single
 commissioner that Butts suffered from post-traumatic stress disorder, which
 both pre-existed and was aggravated by the work-related accident.  The circuit
 court observed that neither England Trucking nor the Commission had cited to
 any specific medical evidence to support the findings of the Commission
 regarding Butts claim.    
Upon
 remand, the Commission issued an order filed March 15, 2005 that more fully set
 forth the reasons for its decision.  The Commission found Butts sustained an
 injury to his back as a result of a work-related accident, but that Butts did
 not sustain any other permanent injury to any other part of his body as a
 result of the accident . . . and did not sustain any psychological injury, or
 aggravation to a pre-existing psychological condition as a result of said
 accident.  The Commission further found that Butts suffered from significant
 psychological and physical problems which existed before the accident in this
 case and that any inability of [Butts] to engage in any employment activities
 is not due to any injury sustained by him while working for [England
 Trucking].    
The
 Commission awarded Butts benefits for a ten percent, permanent, partial
 disability to his lower back pursuant to S.C. Code Ann. § 42-9-30 (1985 &
 Supp. 2006), the scheduled injury statute, and authorized payment for all
 causally related and authorized medical treatment for the injury to his lower
 back.  Butts sought a review of this decision.  The circuit court, with a
 different judge presiding, upheld the decision of the Commission by order filed
 July 20, 2006.  Butts appeals.
II.
In this case we are presented with conflicting views
 on the appropriate scope of review.  Butts contends the Commission applied the
 wrong legal standard in denying his claim that he was totally disabled.  He
 further contends the circuit court improperly found substantial evidence
 supported the Commissions determination because application of the wrong legal
 standard affected the Commissions determination.  In contrast, England
 Trucking argues the Commissions fact-based determination should not be
 reversed because it is supported by substantial evidence.  
The South Carolina Administrative Procedures Act (APA) establishes
 the standard for judicial review of decisions of the Commission.  West v. Alliance Capital, 368 S.C. 246, 628 S.E.2d 279 (Ct. App. 2006).  Under the APA, an appellate court may reverse or modify the
 decision of the agency if the agencys findings, inferences, conclusions, or
 decisions are affected by an error of law or are clearly erroneous in view of
 the substantial evidence in the whole record.  Id.; see also S.C.
 Code Ann. § 1-23-380 (Supp. 2006).  Substantial evidence is evidence that,
 considering the record as a whole, would allow reasonable minds to reach the
 conclusion reached by the Commission.  Rodney v. Michelin Tire Corp.,
 320 S.C. 515, 466 S.E.2d 357 (1996).  The possibility of drawing two inconsistent
 conclusions from the evidence does not mean the agencys conclusion is
 unsupported by substantial evidence.  Ellis v. Spartan Mills, 276 S.C.
 216, 277 S.E.2d 590 (1981). 
Conversely,
 where the Commissions decision is controlled by an error of law, this courts
 review is plenary.  Lizee v. South Carolina Dept of Mental Health, 367
 S.C. 122, 126, 623 S.E.2d 860, 862 (Ct. App. 2005).  An appellate court
 may reverse the Commission when its decision is affected by an error of law.  Callahan
 v. Beaufort County Sch. Dist., 375 S.C. 92, 651 S.E.2d
 311 (2007).
III.
On appeal, Butts contends the circuit court erred in
 ruling there was substantial evidence to support the Commissions findings (1)
 that Butts did not sustain a psychological injury or the aggravation of a
 pre-existing psychological problem as a result of his work-related accident,
 and (2) that Butts inability to sustain gainful employment was not due to any
 work-related injury.  He further asserts the combined effects of his
 pre-existing psychological condition and his subsequent injury resulted in a
 greater disability than he would have experienced from the injury alone,
 resulting in his inability to work and complete disability under the legal
 standard recently set forth in Ellison v. Frigidaire Home Products, 371
 S.C. 159, 638 S.E.2d 664 (2006).  He asserts the application of an
 inappropriate legal standard affected the Commissions determination and thus
 constituted an error of law. 
In reversing the single commissioners award, the Commission
 stated records from the Department of Veteran Affairs noted Butts had reported
 symptoms of PTSD, including depression, loss of sleep, loss of interest in
 pleasurable things, loss of energy, loss of concentration, increased appetite
 and suicidal ideation, and that he has been getting progressively worse for
 roughly four years.  The Commission observed this note was prepared two weeks
 after Butts injury and makes no reference to any physical injury he sustained
 while working for his employer.  
The Commission also
 noted Dr. E. Selman Watson, who evaluated Butts at the request of England
 Trucking, had found Butts emotional condition followed a slow and insidious
 course that had been building before the accident.  The Commission stated, Dr.
 Watson is further of the opinion that while the accident may have contributed
 to the Claimants decline, other medical ailments suffered by the Claimant, and
 which pre-date the accident involved here, may have also served to threaten his
 livelihood.    
The circuit court
 summarily noted there is strong evidence to support the Commissions finding[]
 that [Butts] pre[-]existing psychological condition was not aggravated by the
 injury to his lower back.  The circuit court stated there was evidence cited
 by the Commission that Butts suffered from psychological and physical problems
 prior to his accident and that he had applied for work since the date of his
 accident.     
On appeal Butts cites Ellison, in which our
 supreme court held [t]here is no requirement that the pre-existing condition
 aggravated the injury, or that the injury aggravated the pre-existing
 condition, so long as there is a greater disability simply from the combined
 effects of the injury and the pre-existing condition.  371 S.C at 164, 638
 S.E.2d at 666.  In that case, Ellison fractured his leg, causing a twenty
 percent disability.  Id. at 161, 638 S.E.2d at 665.  The court held
 Ellisons pre-existing physical conditions, including hypertension, sleep
 apnea, prostate cancer, diabetes, and congestive cardiac disease, were properly
 considered to determine that Ellison was entitled to permanent and total
 disability benefits because he was physically unable to work after his
 accident.  Id.  
Our
 supreme court further noted in Ellison that the proper section to apply
 was not the scheduled injury statute found at S.C. Code Ann. § 42-9-30 (1985
 & Supp. 2006), but rather, the general disability statute, id. §
 42-9-400(a) (1985), which provides in pertinent part as follows:  

 If an employee who has a permanent physical impairment
 from any cause or origin incurs a subsequent disability from injury by accident
 arising out of and in the course of his employment, resulting in compensation
 and medical payments liability or either, for disability that is
 substantially greater, by reason of the combined effects of the preexisting
 impairment and subsequent injury or by reason of the aggravation of the
 preexisting impairment, than that which would have resulted from the subsequent
 injury alone, the employer or his insurance carrier shall in the first
 instance pay all awards of compensation and medical benefits provided by this
 Title; but such employer or his insurance carrier shall be reimbursed from the
 Second Injury Fund . . . .  (Emphasis added.)[2]

Relying
 upon Ellison, Butts contends the Commissions finding that [he] did not
 suffer any psychological injury or aggravation of a pre[-]existing
 psychological problem as a result of [his work-related] accident . . . was not
 supported by the substantial evidence in the record.  He further contends
 that, to the extent . . . the . . . findings are predicated upon a requirement
 that the pre[-]existing condition have been aggravated by the work-related
 accident, those findings are erroneous as a matter of law, in that they are not
 consistent with the [South Carolina] Supreme Court holding in Ellison v. Frigidaire
 Home Products.      
Butts
 further asserts that [t]he substantial evidence in
 the record supports a finding that [he] sustained a physical injury as a result
 of a work-related accident which, when combined with the pre[-]existing mental
 illness, rendered him incapable of continuing to work as a long distance truck
 driver, and therefore, rendered him permanently incapable of performing gainful
 employment.  England Trucking presents a different take on the
 evidence and argues application of the Ellison standard does not affect
 the result reached by the Commission because [t]he substantial evidence here
 shows that the injury to Mr. Butts lower back did not combine with, or
 aggravate, his PTSD [post-traumatic stress disorder] to cause any disability. 
 The Commission found that the evidence shows Mr. Butts inability to work, if
 any, is caused solely by that non-work related condition.    
We do agree with Butts that the Commission erred in not following
 the Ellison standard.  We, however, decline to reach the ultimate merits
 of Butts position under the Ellison standard.  We believe in the first instance that the Commission should be given
 the opportunity to assess and weigh the evidence under the proper legal
 standard.     
As
 noted above, the court in Ellison held it is not necessary that the new
 injury aggravate the pre-existing condition; rather, it is enough if the combined
 effects of the new injury and the pre-existing condition result in a
 greater disability to the claimant.  In the current appeal, neither the
 Commission nor the circuit court had the benefit of Ellison at the time
 their decisions were rendered and they did not apply this legal standard.[3] 
 Rather, they seemed to focus on the fact that Butts suffered from a
 pre-existing impairment that allegedly was not exacerbated by the subsequent
 accident, which is not the standard in Ellison. 
As a
 result, we reverse and remand this case to the circuit court, which shall send
 the case back to the Commission with instructions that the Commission consider,
 on the existing record, Butts claim under the Ellison standard.  
IV.
For the foregoing reasons, the order on appeal is 
REVERSED
 AND REMANDED.
HEARN,
 C.J., and KITTREDGE and THOMAS, JJ., concur.
 

[1] Butts reportedly acquired this condition as a result
 of his service in Vietnam.  He first received treatment for this stress
 condition in September 2000.  
[2]  Section 42-9-400(a) was recently amended, but the change
 does not affect this appeal as it applies only to injuries occurring on or
 after July 1, 2007.  The amendment eliminated the language regarding the
 combined effects.  The statute now provides in relevant part:  If an employee
 who has a permanent physical impairment from any cause or origin incurs a
 subsequent disability from injury by accident arising out of and in the course
 of his employment, resulting in compensation and medical payments liability or
 either, for disability that is substantially greater and is caused by
 aggravation of the preexisting impairment than that which would have
 resulted from the subsequent injury alone, the employer or his insurance
 carrier shall pay all awards of compensation and medical benefits provided by
 this title . . . .  2007 Act No. 111, Pt. II, § 3 (emphasis added).  We do not
 reach the question whether Ellison has been effectively overruled by
 2007 Act No. 111.  However, since the change applies only to injuries occurring
 on or after July 1, 2007, the current appeal must be decided under the version
 of section 42-9-400 that was applicable at the time of Butts injury, which is
 the same version of the statute that was applied in Ellison.
[3]  Ellison was issued on November 20, 2006; the
 Commissions order was filed on March 15, 2005 and the circuit courts
 order was filed on July 20, 2006.  Ellison does not represent new law,
 but is simply a matter of statutory interpretation.