**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert Russell, Employee/Claimant, Respondent,

v.

Department of Health and Environmental Control, Employer, and The State Accident Fund, Carrier, Appellants.

Appellate Case No. 2012-211873

———————

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-183
Heard April 10, 2013 – Filed May 8, 2013

———————

**AFFIRMED**

———————

Margaret M. Urbanic, of Clawson & Staubes, LLC, of Charleston, and Ellen H. Goodwin, of State Accident Fund, of Columbia, for Appellants.

J. David Murrell, of Murrell Law Firm, LLC, of Charleston, for Respondent.

———————

**PER CURIAM:**  In this workers' compensation action, the Department of Health and Environmental Control (DHEC) and The State Accident Fund (the Fund) (collectively known as Appellants) appeal the circuit court's decision to affirm the South Carolina Workers' Compensation Appellate Panel's (Appellate Panel) finding that Robert Russell was permanently and totally disabled and entitled to compensation pursuant to section 42-9-400 of the South Carolina Code (1985 & Supp. 2005).  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred, as a matter of law, in affirming the Appellate Panel's finding that Russell was entitled to compensation pursuant to section 42-9-400: § 42-9-400(a) ("If an employee who has a permanent physical impairment from any cause or origin incurs a subsequent disability from injury by accident arising out of and in the course of his employment, resulting in compensation and medical payments liability or either**, for disability that is substantially greater, by reason of the combined effects of the preexisting impairment and subsequent injury** or by reason of the aggravation of the preexisting impairment, than that which would have resulted from the subsequent injury alone, the employer or his insurance carrier shall in the first instance pay all awards of compensation and medical benefits provided by this Title; but such employer or his insurance carrier shall be reimbursed from the Second Injury Fund . . . .") (emphasis added)[1]; *Ellison v. Frigidaire Home Prods.*, 371 S.C. 159, 164, 638 S.E.2d 664, 666 (2006) ("There [was] no requirement that the pre-existing condition aggravated the injury, or that the injury aggravated the pre-existing condition, so long as there [was] a greater disability simply from the 'combined effects' of the injury and the pre-existing condition.").

2. As to whether the circuit court erred in affirming the Appellate Panel's finding that Russell was permanently and totally disabled: S.C. Code Ann. § 1-23-380(5)(d), (e) (Supp. 2012) (stating the appellate court may reverse or modify the

---

[1] Section 42-9-400(a) was later amended to refer to a "disability that is substantially greater *and* is caused by aggravation of the preexisting impairment than that which would have resulted from the subsequent injury alone," and the language regarding "combined effects" was omitted. Act No. 111, Pt. II, § 3, 2007 S.C. Acts 599 (emphasis added).  However, this change is applicable only to injuries that occur on or after July 1, 2007, and the parties do not argue the new version applies here.

Appellate Panel's decision only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record); *Bartley v. Allendale Cnty. Sch. Dist.*, 392 S.C. 300, 306, 709 S.E.2d 619, 622 (2011) (stating the Appellate Panel is the ultimate fact finder in workers' compensation cases and as a general rule, this court must affirm the findings of fact made by the Appellate Panel if they are supported by substantial evidence); *id.* ("'Substantial evidence is that evidence which, in considering the record as a whole, would allow reasonable minds to reach the conclusion the [Appellate Panel] reached.'" (quoting *Hill v. Eagle Motor Lines*, 373 S.C. 422, 436, 645 S.E.2d 424, 431 (2007))); *id.* ("'The possibility of drawing two inconsistent conclusions from the evidence does not prevent the [Appellate Panel's] finding from being supported by substantial evidence.'" (quoting *Hill*, 373 S.C. at 436, 645 S.E.2d at 431)).

3. As to whether the circuit court erred in affirming the Appellate Panel's finding that Appellants were responsible for medical costs related to Russell's psychological condition: § 42-9-400(a) (stating "the employer or his insurance carrier shall in the first instance pay all awards of compensation and medical benefits provided by this Title; but such employer or his insurance carrier shall be reimbursed from the Second Injury Fund . . . ."); *Ellison*, 371 S.C. at 164, 638 S.E.2d at 666 ("Providing for an employer's reimbursement from the [Second Injury] Fund for the 'combined effects' of a workplace injury and pre-existing conditions would be futile unless a claimant could actually make such a recovery in the first place.").

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**