### 23322

James MEDLIN, Petitioner v. GREENVILLE COUNTY and State Workers' Compensation Fund, Respondents.

(401 S.E. (2d) 667)

Supreme Court

*C. Ben Bowen* and *Linda B. McKenzie,* both of *The Bowen Law Firm,* Greenville, *for petitioner.*

*Susan B. Oliver* and *E. Ros Huff, Jr.,* both of *State Workers' Compensation Fund,* Columbia, *for respondents.*

Heard Dec. 12, 1990.

Decided Jan. 21, 1991.

HARWELL, Justice:

This case is before this Court on writ of certiorari to the Court of Appeals. We granted the petition to review the Court of Appeals' decision in *Medlin v. Greenville County and State Workers' Compensation Fund,* ___ S.C. ___, 392 S.E. (2d) 192 (Ct. App. 1990). This is a workers' compensation case and involves the issue of whether an employee is entitled to recover additional total and permanent benefits for a successive injury to his back when the first injury resulted in a recovery for total and permanent disability. The Court of Ap-

peals held the employee was not entitled to recover. We agree, but for reasons set forth below.

## I. FACTS

Petitioner James Medlin (employee) suffered a work-related injury to his spine in 1983 while he was working for respondent Greenville County (employer). He was found to have sustained more than fifty percent loss of use of his back, therefore entitling him to the maximum compensation of five hundred weeks for total and permanent disability under S.C. Code §§ 42-9-10 and 42-9-30(19) (1976). The parties settled this claim while on appeal for a lump sum payment of $60,000.00 as full satisfaction of the employer's liability arising from the 1983 accident.

Employee then returned to work for employer. In 1985, employee sustained a second work-related injury, the injury that is the subject of this appeal. Employee filed a claim for workers' compensation benefits seeking total and permanent disability benefits due to the second accident. Employer admitted the second accident occurred, but denied employee was entitled to receive an award for permanent disability because of the prior award of total disability benefits for injury to the same body part which occurred in the 1983 accident. The single commissioner agreed with employer and denied the claim for total and permanent disability benefits.

A three-member panel of the full commission reversed the order of the single commissioner in a 2-1 decision. The panel reasoned that S.C. Code Ann. § 42-9-170 (1985) should be interpreted so that an employee does not receive more than five hundred weeks from any single accident. The circuit court affirmed the panel, holding that the five hundred week limitation was a per accident limitation.

On appeal, the Court of Appeals in a 2-1 decision, reversed the order of the circuit court and the panel, the majority of the Court of Appeals finding that because employee had already received an award of five hundred weeks compensation from his first injury, he had no basis to recover in the second accident. This ruling was based on the Court of Appeals' interpretation of S.C. Code Ann. § 42-9-170 (1985). After rehearing was denied, we granted employee's petition for certiorari to review the Court of Appeals' decision.

## II. DISCUSSION

This case presents the issue of whether an employee can recover total and permanent benefits under the Workers' Compensation Act for a successive total and permanent injury to the same body part. This case is unique in that the body part involved is the back. The legislature has provided that if an employee suffers an injury resulting in a fifty percent or more loss of use of his back, he is entitled to be compensated as if he had suffered a total and permanent loss of use of his back. *See,* S.C. Code Ann. §§ 42-9-10 and 42-9-30(19) (1985). Employee argues that the Court of Appeals erred in ruling that he was not entitled to any further permanent disability benefits. Employee asserts that he is entitled to recover for his second injury to the back irrespective of the fact that he has already received total and permanent disability benefits for loss of use to his back from the first injury. While we agree with the result reached by the majority of the Court of Appeals, we find its reasoning to be erroneous. Both the majority and minority Court of Appeals' opinions relied on an interpretation of S.C. Code Ann. § 42-9-170 (1985) which sets forth the amount of compensation an employee can receive while he is at the same time drawing compensation for a previous disability in the same employment. This reliance was misplaced. Section 42-9-170 is not applicable to this case as here, employee was not drawing compensation for his 1983 injury at the time his second injury occurred; employee had settled his claim with employer in the amount of $60,000.00 which he elected to receive in the form of a lump sum payment.

We can find no statute that would entitle employee to receive compensation under the facts of this case. Further, this issue has already been addressed by this Court in *Hopper v. Firestone Stores, et al.,* 222 S.C. 143, 72 S.E. (2d) 71 (1952). In *Hopper,* the employee, prior to working for Firestone, had sustained a total loss of use of his leg in a motorcycle accident. The employee then went to work for Firestone where he suffered a work-related accident to the stump of his leg for which he received temporary total compensation and medical benefits from Firestone. The Commission and this Court denied the employee permanent benefits for additional loss of use of the leg based upon the determination that the employee's pre-existing injury had caused the

loss of use of his entire leg as contemplated by the South Carolina Workmen's Compensation Act. Specifically, we noted that the employee's leg was "non-existent, in so far as the specific loss provisions [were] concerned, [and that] he was not entitled to an award for permanent disability, it having been determined by said Commissioner that there was no general disability in excess of that which claimant had prior to the compensable accident." *Hopper v. Firestone Stores, et al.*, 222 S.C. at 151, 72 S.E. (2d) at 74. We went further and stated:

> [C]laimant having lost 100% of his leg prior to the injury of November 3, 1947, there was no basis upon which an award for permanent disability or specific loss could be computed.

*Hopper v. Firestone Stores et al.*, 222 S.C. at 152, 72 S.E. (2d) at 75.

This case is substantially the same as *Hopper*, in that employee, having already suffered a total and permanent loss of use of a body part, specifically in this case, his back, as a result of his first accident, is seeking total and permanent benefits for a successive injury to the same body part. Under *Hopper*, we find that employee is not entitled to any further benefits for loss of use to the *same* body part as the loss of use to his back has already been fully "written-off," and is non-existent in so far as the Act is concerned. Thus, there is no basis upon which employee can recover. Only if employee had suffered less than fifty percent loss of use to his back in the first accident, would he have been entitled to compensation for the degree of disability which would have resulted from the later accident. These principles would hold true in any case regardless of whether the successive injury occurred while working for the same or different employers. To the extent that *Wyndham v. R.A. & E.M. Thornley and Co.*, 291 S.C. 496, 354 S.E. (2d) 399 (Ct. App. 1987) distinguishes between successive injuries incurred while working for the same rather than for different employers, it is overruled.

This is not to say that employee should be denied temporary total disability benefits including medical benefits until reaching maximum medical improvement; employer conceded this at oral arguments. In sum, we find that an employee who has suffered a fifty percent or more loss of use of his back and

has received total and permanent compensation for this loss, is not entitled to any further total and permanent benefits for successive injuries to that same body part.

Affirmed as modified.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.