# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

David B. Lemon, Claimant, Appellant,

v.

Mt. Pleasant Waterworks, Employer, and State Accident Fund, Carrier, Respondents.

Appellate Case No. 2016-002321

---

Appeal From The Workers' Compensation Commission

---

Opinion No. 5703
Heard April 1, 2019 – Filed December 31, 2019

---

## AFFIRMED IN PART, REVERSED IN PART

---

Carl H. Jacobson, of Uricchio Howe Krell Jacobson Toporek Theos & Keith, PA, of Charleston, for Appellant.

John Gabriel Coggiola, of Willson Jones Carter & Baxley, P.A., of Columbia, for Respondents.

---

**MCDONALD, J.:**  David Lemon (Claimant) appeals the order of the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel), arguing it erred in offsetting his award of permanent and total disability benefits against prior benefits received for unrelated claims.  We affirm in part and reverse in part.

**Facts and Procedural History**[1]

Claimant was involved in an admitted work accident on May 8, 2012, while pulling a device designed to provide leverage on a sewer line. He suffered an injury to his low back, affecting both legs. At the time of the accident, Claimant's average weekly wage was $636.04, yielding a compensation rate of $424.05 under the Workers' Compensation Act (the Act). Prior to the 2012 accident, Claimant suffered four separate workplace injuries resulting in workers' compensation claims against Mount Pleasant Waterworks (Employer) and the State Accident Fund (Carrier), including a March 4, 2009 injury to the back, an April 26, 2010 injury to the right shoulder, an April 13, 2011 injury to the right shoulder, and an October 3, 2011 injury to the back. As a result of the four prior claims, Claimant received 199 weeks of compensation benefits, both as temporary and permanent disability benefits.

Employer and Carrier (collectively, Respondents) provided Claimant with medical treatment through multiple medical providers, including Dr. James Aymond and Dr. Thomas Due. On June 20, 2013, Dr. Aymond found Claimant to be at maximum medical improvement (MMI) and assigned a 24% impairment to Claimant's back. On February 12, 2014, Dr. Due found Claimant to be at MMI and assigned him impairment ratings of 24% to the lumbar spine, 7% to the right lower leg, and 7% to the left lower leg.

Claimant filed a Form 50 request for a hearing, alleging injuries to the back and legs and seeking permanent and total disability benefits and lifetime medical treatment. Respondents timely filed both a Form 51 response and a Form 21 request for a hearing, seeking to stop payment of temporary compensation, a determination of permanent disability, and credit for overpayment of temporary compensation paid after the date of MMI. In addition, Respondents sought credit for the 199 weeks of benefits Claimant received in his four prior claims against Employer to be applied as an offset against his current award of permanent disability.

Following a hearing, the Single Commissioner issued an order setting forth a number of findings, including:

> 1. Based upon the greater weight of the evidence, the
> Claimant is permanently and totally disabled pursuant to

---

[1] There are no factual issues in dispute.

S.C. Code Ann. §42-9-10. The Claimant has sustained permanent injuries to more than one body part, namely, his back and both legs. As such, his claim for permanency is not restricted to the schedule of benefits as provided by S.C. Code Ann. §42-9-30.

2. [Claimant] is entitled to lifetime causally related medical care.

3. [Claimant's] May 8, 2012 work accident was his fifth work accident as an employee of Respondent Mount Pleasant Waterworks, and he has previously received temporary or permanent disability compensation in the amount of 199 weeks;

4. By the date of the hearing, [C]laimant received 122 weeks of temporary total disability benefits related to his May 8, 2012 work accident.

The Single Commissioner found Claimant was entitled to an award of permanent and total disability;[2] however, he further found Respondents were entitled to 321 weeks of credit against a maximum 500-week award of permanent and total disability benefits, including credit under § 42-9-170(B) for 199 weeks of benefits from Claimant's prior unrelated workers' compensation claims and credit for 122 weeks of temporary disability benefits received on the current claim.

Claimant filed a Form 30 request for Appellate Panel review, arguing § 42-9-170(B) did not apply because the Single Commissioner awarded him permanent and total disability benefits under § 42-9-10(A), not § 42-9-10(B). Claimant further argued that even if § 42-9-170(B) applied, the Single Commissioner erred in failing to analyze each of the settlements of his prior claims to determine if there had been separate allocations of benefits paid for temporary total disability and permanent partial disability.

The Appellate Panel heard oral argument and remanded the case to the Single Commissioner for (1) a determination of which subsection of § 42-9-10 the Single Commissioner applied in making the award in the present case; (2) a determination of the statutes under which prior awards were issued; and (3) any facts, analyses,

_____

[2] Respondents have not challenged this finding.

or conclusions of law the Single Commissioner deemed necessary in the analysis of the § 42-9-170 determination.

On remand, the Single Commissioner reaffirmed all previous findings of fact from his prior decision and order "not inconsistent with the instant opinion" and found: Claimant was permanently and totally disabled under § 42-9-10(A); Claimant's previous awards for injuries sustained with the same employer were awarded under § 42-9-30; the phrase "receives a permanent injury" in § 42-9-170(B) referred to the present claim; and "another permanent injury in the same employment" referred to Claimant's prior injuries. The Single Commissioner concluded Claimant was subject to the 500-week cap on benefits and stated "upon expanding my research to other cases and statutes, I am even more convinced that the law allows that the [Respondents] be given a credit for all indemnity benefits paid during the Claimant's employment with Mt. Pleasant Waterworks."

Claimant again requested Appellate Panel review, arguing the Single Commissioner erred in submitting a revised order that far exceeded the questions presented on remand. Claimant again argued the Single Commissioner erred in crediting Respondents for the 199 weeks of benefits Claimant received in his prior workers' compensation claims and in failing to analyze the prior claims. After hearing arguments, the Appellate Panel affirmed the Single Commissioner's second order.

## Standard of Review

The Administrative Procedures Act provides the standard of judicial review for decisions of the Appellate Panel. *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 133–35, 276 S.E.2d 304, 306 (1981). "An appellate court can reverse or modify the Commission's decision if it is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record." *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010); *see also* S.C. Code Ann. § 1-23-380(5) (Supp. 2019).

## Law and Analysis

Claimant concedes Respondents are entitled to credit for 122 weeks of temporary total disability benefits paid on his current claim, however, he challenges the credit of 199 weeks related to benefits paid on his four prior claims. Claimant asserts the Single Commissioner and Appellate Panel erred in applying § 42-9-170 to award

this credit because § 42-9-170 addresses benefits awarded under § 42-9-10(B), not § 42-9-10(A).  We agree.

Claimant's May 8, 2012 work accident was the fifth work accident for which he received workers' compensation benefits while working for the same employer.  Claimant previously received a combined 25.4286 weeks of temporary disability benefits and 75 weeks of permanent partial disability (PPD) benefits as a result of two injuries by accident to his right shoulder in 2010 and 2011.  Additionally, Claimant received a combined 23.5714 weeks of temporary benefits and 75 weeks of PPD benefits as a result of two injuries by accident to his back in 2009 and 2011.  Claimant received a total of 199 weeks of compensation benefits as a result of his four prior claims.

Claimant correctly asserts that the Act is created by statute, and as such, "when reading a workers' compensation statute, we strictly construe its terms, leaving it to the Legislature to amend and define its ambiguities."  *Wigfall v. Tideland Utils., Inc.*, 354 S.C. 100, 110, 580 S.E.2d 100, 105 (2003); *see also Nicholson v. S.C. Dep't of Soc. Servs.*, 411 S.C. 381, 385, 769 S.E.2d 1, 3 (2015) ("Workers' compensation law is to be liberally construed in favor of coverage in order to serve the beneficent purpose of [the Act]; only exceptions and restrictions on coverage are to be strictly construed.").

Here, the Single Commissioner found Claimant is "permanently and totally disabled" pursuant to Section 42-9-10(A) of the South Carolina Code (2015), which provides:

> When the incapacity for work resulting from an injury is total, the employer shall pay, or cause to be paid, as provided in this chapter, to the injured employee during the total disability a weekly compensation equal to sixty-six and two-thirds percent of his average weekly wages, but not less than seventy-five dollars a week so long as this amount does not exceed his average weekly salary; if this amount does exceed his average weekly salary, the injured employee may not be paid, each week, less than his average weekly salary.  The injured employee may not be paid more each week than the average weekly wage in this State for the preceding fiscal year.  In no case may the period covered by the compensation exceed

five hundred weeks except as provided in subsection (C).[3]

Claimant submits the 500-week cap applies only to an injury arising from a single accident, not the sum of multiple accidents. Therefore, Claimant argues the injury he sustained as a result of this accident can result in a maximum award of 500 weeks, offset by any benefits received for temporary total disability benefits paid on the same claim. Claimant does not dispute the credit awarded to Employer for the 122 weeks of temporary total disability benefits he received as a result of the current accident and injuries.

However, Claimant challenges the application of the Act's language addressing permanent injuries sustained by an employee after he or she has sustained prior permanent injuries in the same employment. Section 42-9-170(B) states:

> If an employee receives a permanent injury as specified in section 42-9-30[4] or section 42-9-10(B)[5] after having sustained another permanent injury in the same employment, he is entitled to compensation for both injuries, but the total compensation must be paid by extending the period and not by increasing the amount of weekly compensation, and in no case exceeding 500 weeks. If an employee previously has incurred permanent partial disability through the loss of a hand, arm, shoulder, foot, leg, hip, or eye, and by subsequent

---

[3] Section 42-9-170(C) is inapplicable here. It provides, "Notwithstanding the five-hundred-week limitation prescribed in this section or elsewhere in this title, any person determined to be totally and permanently disabled who as a result of a compensable injury is a paraplegic, a quadriplegic, or who has suffered physical brain damage is not subject to the five-hundred-week limitation and shall receive the benefits for life." S.C. Code Ann. § 42-9-170(C).

[4] Section 42-9-30 sets forth the schedule for which disabilities are deemed to continue and the resulting compensation paid for injuries to various parts of the body.

[5] "The loss of both hands, arms, shoulders, feet, legs, hips, or vision in both eyes, or any two thereof, constitutes total and permanent disability to be compensated according to the provisions of this section." S.C. Code Ann. § 42-9-10(B).

accident incurs total permanent disability through the loss of another member, the employer's liability is for the subsequent injury only, except that the employee may receive further benefits as provided under the provisions of section 42-9-35.[6]  This subsection is effective on July 1, 2008.

S.C. Code Ann. § 42-9-170(B).

Respondents persuasively argue that § 42-9-170(B) reflects the goal of our workers' compensation system to encourage employers to bring injured workers back to work after they have suffered certain compensable injuries.  However, by its own terms, § 42-9-170 applies only to § 42-9-10(B) awards.  *See, e.g.*, *Wyndham v. R.A. & E.M. Thornley & Co.*, 291 S.C. 496, 500, 354 S.E.2d 399, 402 (Ct. App. 1987), *overruled on other grounds by Medlin v. Greenville Cty.*, 303 S.C. 484, 401 S.E.2d 667 (1991) (explaining "[w]hen the Legislature wished to impose a five hundred week limit on successive injuries, it did so explicitly.").

Here, the Single Commissioner specified "the award in the present case is awarded under [§] 42-9-10(A)"; thus the Single Commissioner and Appellate Panel erred in applying § 42-9-170 to credit Respondents with 199 weeks of compensation paid for Claimant's prior benefits.

*Medlin v. Greenville County* does not dictate a different result.  There, the claimant suffered a work-related injury to his spine in 1983 and was found to have sustained a greater than fifty percent loss of use of his back, therefore entitling him to the maximum compensation of five hundred weeks for total and permanent disability under §§ 42-9-10 and 42-9-30(19) of the South Carolina Code.  303 S.C. 484, 486, 401 S.E.2d 667, 667–68 (1991).  Thereafter, the claimant returned to work for Greenville County.  *Id.*  In 1985, the claimant sustained a second work-related injury and again filed a claim for workers' compensation benefits, seeking total and permanent disability benefits.  *Id.*  Although the County admitted the second accident occurred, it denied the claimant was entitled to receive an award for permanent disability due to the prior award of total disability benefits for injury to the same body part injured in 1983.  *Id.*  Our supreme court explained:

---

[6] Section 42-9-35 addresses evidence of preexisting injury or condition.

> This case is substantially the same as *Hopper* [*v. Firestone Stores, et al.*, 222 S.C. 143, 72 S.E.2d 71 (1952)], in that employee, having already suffered a total and permanent loss of use of a body part, specifically in this case, his back, as a result of his first accident, is seeking total and permanent benefits for a successive injury to the same body part. Under *Hopper*, we find that employee is not entitled to any further benefits for loss of use to the same body part as the loss of use to his back has already been fully "written-off," and is non-existent in so far as the Act is concerned. Thus, there is no basis upon which employee can recover. Only if employee had suffered less than fifty percent loss of use to his back in the first accident, would he have been entitled to compensation for the degree of disability which would have resulted from the later accident. These principles would hold true in any case regardless of whether the successive injury occurred while working for the same or different employers. To the extent that *Wyndham v. R.A. & E.M. Thornley and Co.*, 291 S.C. 496, 354 S.E.2d 399 (Ct. App. 1987) distinguishes between successive injuries incurred while working for the same rather than for different employers, it is overruled.

303 S.C. 484, 488, 401 S.E.2d 667, 669 (1991).[7]

Here, the Appellate Panel affirmed the Single Commissioner's second order finding Claimant permanently and totally disabled pursuant to § 42-9-10(A) and relied on § 42-9-170(B) to cut Claimant's award. However, the plain language of § 42-9-170

---

[7] *Medlin* preceded the enactment of the 2007 statutes upon which Claimant's award is based. In any event, *Medlin* is inapplicable due to the plain language of § 42-9-170(B), the Single Commissioner's finding that Claimant's award was made pursuant to § 42-9-10(A), and the Appellate Panel's finding that pursuant to § 42-9-10(A), Claimant is permanently and totally disabled.

renders it inapplicable to § 42-9-10(A).  Thus, we reverse the decision of the Appellate Panel as to the 199-week credit.[8]

**Conclusion**

For the foregoing reasons, we affirm as to 122 weeks credited to Employer and reverse as to the 199 weeks.

**AFFIRMED IN PART, REVERSED IN PART.**

**LOCKEMY, C.J. and SHORT, J., concur.**

---

[8] The 199-week offset is also troubling because neither the Single Commissioner nor the Appellate Panel undertook any analysis of the four prior claims to determine whether the injuries for which they awarded the 199-week credit were in any way related to the current claim as the back injury in *Medlin* was.  For example, several of the payments apparently credited were for temporary total disability benefits, which § 42-9-170(B) does not address.  Further, one of the prior settlement agreements referenced a 25% impairment to the right shoulder but had no designation as to the specific number of weeks.  Claimant's injury here was to the low back, with bilateral leg pain.